[No. 3965.   Decided August 22, 1902.]

THE STATE OF WASHINGTON *on the Relation of Scandinavian-American Bank of Seattle* v. BOYD J. TALLMAN, *Judge of the Superior Court of King County.*

ABATEMENT — PENDENCY OF ACTION IN FEDERAL COURT — SUFFICIENCY OF PLEA.

In a contest over a fund raised by a city from local assessments, which is claimed in full by the surety company which completed the work after its abandonment by the contractor, and in part claimed by a bank by virtue of assignments made to it by the contractor, a plea in abatement to the action by the bank in the state court for recovery of a portion of the fund under its assignment was properly sustained, where a prior action had been instituted by the surety company in the federal court involving the same fund, and, although no physical possession had been taken of it, equitable protection of its integrity had been sought by the service of restraining process upon its disbursing officer, thereby giving the federal court dominion equivalent to possession.

SAME — REVIEW BY ONE COURT OF PLEADINGS IN OTHER.

Want of equity on the face of a bill filed in the federal court cannot be considered by the state court in determining the merits of a plea in abatement interposed in the state court.

*Original Application for Mandamus.*

*Ballinger, Ronald & Battle* and *William Martin,* for relator.

*John P. Hartman,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Petition for writ of mandate. The facts, in substance, as alleged, are: The city of Seattle provided for certain improvements, and by ordinance created local assessment districts, and levied assessment upon the real property therein to pay for such improvements. Thereafter the city entered into a contract about the 17th of June, 1900, with the firm of McCauley & Delaney, by the terms of which contract said firm were to undertake, construct, and finish such improvements in accordance with the specifications of the contract. At the same time the said contractors executed a bond in the penal sum of $64,000, conditioned for the faithful performance of the contract, and the City Trust, Safe Deposit & Surety Company, of Philadelphia, a foreign corporation, executed such bond as surety. Thereafter the contractors entered upon the construction of such improvements, and partially completed the same, and then defaulted and abandoned the contract. The surety company was duly notified by the city that it must perform the contract itself or answer for the breach thereof. The surety company then proceeded to construct and complete the improvements under the terms of the contract, which performance was accepted by the city. By the stipulations of the contract, local assessments were to be collected for the payment of the contractors, and, if sufficient collections on such assessments were not made within thirty days after the performance of the contract, the remainder due the contractors was to be paid in bonds issued and payable out of the local assessment fund. Upon the performance of the contract the moneys then collected and the bonds issued for the amount remaining due were to be delivered

to the contractors. About the 24th of July, 1900, the contractors borrowed considerable sums of money from the relator for the purpose of furnishing material and paying for labor in the construction of the improvements, and at the same time executed and delivered to the relator their assignments in writing of a large portion of the compensation to be received by the contractors from the city, payable out of the local assessment fund on account of said contract, which assignments were duly filed with the city comptroller, and the relator, upon the faith of such assignments, advanced large sums of money to said contractors. A considerable sum of money has been collected from the local assessments and now remains in such fund in the city treasury. On the 26th of February, 1901, the City Trust, Safe Deposit & Surety Co. filed two bills in equity, substantially alike for the purposes of this case, and of which only one will be hereafter noticed, in the circuit court of the United States for the district of Washington, against Frank H. Paul, as city comptroller, which bill in substance claimed the whole amount of the local improvement fund collected by the city, and that the bonds be issued to it for the remainder due the contractors. It is alleged that demand had been made upon the comptroller, and he had refused to issue such bonds or deliver said money. In the prayer for relief, among other things, it was demanded that the said comptroller be restrained from delivering the warrants on the fund in the city treasury for the money or the bonds for the remainder due the contractors to any other person than the complainant, the trust company, and that the comptroller be required to deliver to said complainant the warrants for money accumulated in said assessment fund and the bonds for the remainder due the contractors. Process was served upon the comptroller upon the same day the bill was filed.

About the 15th of April, 1901, the comptroller answered, admitting substantially the allegations of the bill, but excusing his delivery of the warrants, bonds, etc., upon the ground that the relator here, the Scandinavian-American Bank of Seattle, claimed a large share of the money in the assessment fund, and bonds, etc., by virtue of said assignments from the contractors to relator. Thereupon, two days later, the complainant, the trust company, filed its amended bill making the relator and some other claimants additional parties defendant, and alleging that the claim of relator was inferior to that of complainant, and upon the same day process was served upon the relator. On the 15th of April, 1901, the relator commenced an action in the superior court of King county, claiming a superior right in the local assessment funds so created to the amount of about $28,000 by virtue of the assignment held by it from the contractors. It made comptroller Paul, the trust company, and city of Seattle, and some other claimants to a part of the assessment fund, parties defendant in said action, and summons was served upon each of the defendants. On the 3d day of June, 1901, the relator herein entered its appearance in the federal court by plea in abatement, which was founded on the pendency of the action in the state court. The plea was overruled in the federal court. On the 1st of May, 1901, the comptroller, Paul, the city of Seattle, and the trust company entered their appearances as defendants in the state court, respectively, by pleas in abatement, setting up the same ground in each plea, which was the pendency of the suit above referred to in the federal court. A demurrer was interposed by relator to these pleas in abatement, which demurrer was overruled in the superior court, and an order entered suspending further proceedings in the action pending the suit in the federal court.

The question for review here is the ruling of the superior court upon the pleas in abatement. The record contains copies of the bill filed in the federal court and of the complaint filed in the superior court. It is apparent that the real controversy is between the trust company and the relator over the fund created by the city of Seattle and arising from the local assessments. Relator claims a large portion thereof by assignment from the contractors, and the trust company claims the whole of the fund by virtue of its obligations upon the surety bond and its performance of the contract for the contractors. The city is a mere trustee of this fund, and its comptroller is the ministerial officer who issues the warrants, bonds, etc., which evidence the right to the fund. The court which adjudicates this controversy should have the right to control this fund. The superior court and the federal court are of concurrent jurisdiction over the same territory. The principle stated in *Heidritter v. Elizabeth Oil-Cloth Co.,* 112 U. S. 294 (5 Sup. Ct. 135), is pertinent here:

"It is merely an application of the familiar and necessary rule, so often applied, which governs the relation of courts of concurrent jurisdiction, where, as is the case here, it concerns those of a state and of the United States, constituted by the authority of distinct governments, though exercising jurisdiction over the same territory. That rule has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims, in behalf of which the conflicting jurisdictions are invoked. It simply requires, as a matter of necessity, and, therefore, of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is equivalent, draws to itself the exclusive right to dispose of it, for the purposes of its jurisdiction."

See, also, *Gates v. Bucki,* 4 C. C. A. 116 (53 Fed. 961);
*Zimmerman v. So Relle,* 25 C. C. A. 518 (80 Fed. 417);
*Cohen v. Solomon,* 66 Fed. 441.

The bill of the trust company was filed in the federal
court February 26, 1901. It asserted a claim to this
fund, and disclosed without naming them other probable
claimants to rights in the fund. It prayed that the comp-
troller be restrained from delivering the said fund, or
any evidence of right thereto, to any other parties. The
comptroller's answer disclosed the other claimants who as-
serted rights to share in said fund, and thereupon relator
was promptly made a party defendant therein. It would
seem the same controversy is pending in the federal and
state court. It is true no immediate physical possession has
been taken of the money in the city treasury or of any
evidence of right thereto, but equitable protection of the
integrity of the fund and any evidence of right thereto was
invoked in the complainant's bill, and process was issued
and served upon the officer who must disburse this fund,
before relator commenced his action in the state court.
Under recognized authority, and upon principle, the juris-
diction was first obtained by the federal court. The ear-
nest argument presented in the briefs by counsel for re-
lator against the want of equity on the face of the bill
filed in the federal court cannot be considered here; the
issue is in that jurisdiction.

It is concluded that the order of the superior court is
correct, and the writ is denied.

ANDERS, MOUNT, WHITE, DUNBAR and HADLEY, JJ.,
concur.