WEIK, Appellant, vs. CITY OF WAUSAU and others, Respondents.

*October 29—November 15, 1910.*

*Cities: Funds "appropriated by law" to special purposes: Unlawful diversion: Injunction.*

1. Moneys raised by taxation for a specific purpose constitute a fund "appropriated by law" for that special purpose, within the meaning of sec. 925—122, Stats. (1898), and the council of a city of the third class, operating under the general charter law, cannot lawfully transfer such fund even temporarily to the general fund or any other city fund.
2. Irrespective of special statutory provisions, a fund raised by a city for a special purpose is a trust fund, and equity will in a proper case interfere to prevent its diversion.

APPEAL from orders of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Reversed.*

This is a taxpayer's action in equity to perpetually enjoin the city officers of the city of *Wausau* from diverting the city hall fund of the city to other uses. A general demurrer to the complaint was sustained and a temporary injunctional order was denied, and the plaintiff appeals from both orders.

The complaint charges in substance that prior to May, 1906, the city of *Wausau* raised by taxation $40,000 for the purpose of building a city hall, and that a site for the city hall was donated to the city at about the same time; that at several times during the years 1906 and 1907 the city treasurer, by direction of the city council, diverted large amounts from said fund and used the same for other city purposes and replaced the amounts so borrowed from the fund at the time of the ensuing tax levy; that in the year 1909 the treasurer, by direction of the council, again diverted $10,000 from the fund to the school fund of the city and $4,000 to the bridge fund of the city, and that on September 16, 1909, the council directed that $6,000 be transferred from such fund to the general fund of the city. The plaintiff, who was a taxpayer of the city, prayed that the city officers be enjoined from di-

verting the fund and be required to restore the same so far as
it had already been diverted. The borrowing of the fund
substantially as alleged and the intention to make further
loans therefrom was admitted by the defendant, and the claim
was made that such borrowing was entirely legal.

The cause was submitted for the appellant on the briefs of
*Regner & Ringle,* and for the respondents on that of *Frank-
lin E. Bump,* city attorney, and *Bump & Manson,* of counsel.

WINSLOW, C. J.    The question presented is, Can the city
council of a city of the third class, operating under the gen-
eral city charter law, lawfully transfer moneys from a city
fund which have been levied and raised for one specific pur-
pose, to the general fund or to some other city fund, with in-
tent to repay the same when the next tax levy is collected?

The argument in favor of the proposition is that the coun-
cil by sec. 925—52, Stats. (1898), is given "the management
and control of the finances" of the city, and that although
sec. 925—122 forbids the treasurer from paying out any
funds in his hands "appropriated by law" for any special pur-
pose except for such purpose, still this prohibition only ap-
plies to the funds named in sec. 925—121, namely, school
funds, funds set apart to pay the public debt, and funds col-
lected on special assessments.    In other words, the contention
is that money raised by taxation to build a city hall, or to
maintain a fire department or a police department, or to meet
any other specific city charge, may be temporarily used by the
council for other purposes because it is not "appropriated by
law" to the special purpose, but is only appropriated by act
of the council.

This view is entirely too narrow a view of the statute.
By sec. 925—142a, Stats. (1898), it is provided that "the
common council shall have power to levy annually such sum
or sums of money as may be sufficient for the several purposes
for which taxes are authorized to be levied and *to apportion*

*the same into such funds* for city or ward purposes as they may provide by ordinance or resolution." When this apportionment into funds is made, each fund is undoubtedly as fully "appropriated by law" to its own special purpose as if the appropriation had been made by direct act of the legislature.

Irrespective of the special statutory provisions above cited, this court has held that a fund raised by a city for a special purpose "is a trust fund, and equity will in a proper case interfere to prevent its diversion." *Rice v. Milwaukee,* 100 Wis. 516, 76 N. W. 341; *Oconto City W. S. Co. v. Oconto,* 105 Wis. 76, 80 N. W. 1113.

By ch. 256, Laws of 1899 (sec. 925—130*a,* Stats.: Supp. 1906), cities of the first class are given authority to borrow from one city fund and use the money for other purposes and replace the amount borrowed out of the next tax levy. This provision, however, has no application to cities of the third class, and it only serves to demonstrate that the legislative idea was that no such borrowing could be done without express authority.

*By the Court.*—Both orders appealed from are reversed, and the action is remanded with directions to overrule the demurrer to the complaint and grant the temporary injunctional order prayed for, and for further proceedings according to law. But one bill of costs to be taxed.