[No. 13355.  Department Two.  November 22, 1916.]

THE STATE OF WASHINGTON, *on the Relation of A. R. Titlow,* Receiver etc., Appellant, *v.* THE CITY OF CENTRALIA *et al., Respondents.*[1]

ABATEMENT AND REVIVAL—ACTIONS IN DIFFERENT JURISDICTIONS—IN REM—IDENTITY OF ISSUES.  Where a city commingled a local improvement fund with its general funds, deposited in a bank which failed, an action in the Federal court to establish a preferred claim by the city to the deposits cannot be pleaded in abatement of a subsequent action brought against the city by the receiver to compel the city to pay local improvement warrants out of the receiver's dividends, paid to the city on account of the deposits, where the Federal court recognized the right of the receiver to prosecute the second action and protected the parties in their rights by allowing the same right of set-off against that fund as would exist against the warrants, if any; since the same funds and questions are not involved in the two suits.

MANDAMUS—WARRANTS—PAYMENT.  Mandamus is the proper remedy to compel a city to pay warrants where there are funds available for their payment and payment is refused.

TRUSTS—COMMINGLED FUNDS—WITHDRAWALS — MUNICIPAL CORPORATIONS—IMPROVEMENT FUND—LIABILITY.  Where a city commingled a local improvement trust fund with its general funds deposited in a bank, and there remained continuously on deposit sufficient to meet warrants against the trust fund, the warrants are payable out of the commingled fund.

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENT FUND—CITY TREASURER—LIABILITY OF SUCCESSOR.  In mandamus against a city and its city treasurer to compel the payment of warrants, it is no defense that the present city treasurer is not the same person who held the office when the funds were received; as the office is continuous, regardless of the person who fills it.

Cross-appeals from a judgment of the superior court for Lewis county, Rice, J., entered July 26, 1915, upon findings favorable in part to both parties, in mandamus proceedings to require the payment of city warrants, tried to the court. Reversed on plaintiff's appeal; affirmed on defendant's appeal.

[1]Reported in 161 Pac. 74.

*Oldham & Goodale*, for appellant.

*William R. Lee*, for respondents.

MAIN, J.—This is an action in mandamus to compel the defendant city and the treasurer thereof to pay certain local improvement bonds, coupons and warrants. The cause was tried to the court without a jury, and resulted in a judgment granting in part and denying in part the relief prayed for in the complaint. From this judgment, both parties have appealed.

The facts necessary to an understanding of the questions here for determination are these: There was in the city of Centralia a local improvement district known as District No. 32. The United States National Bank, of which the plaintiff is the receiver, held two warrants, numbers 89 and 82, drawn against the local improvement fund for this district. The money to pay these warrants was collected by the city on or about the 10th day of February, 1914. On the 14th day of February, 1914, the warrants were called. On the 21st day of September, 1914, the United States National Bank failed. This action is prosecuted by the plaintiff as receiver thereof. At the time the bank failed, the city had funds deposited therein to a greater sum than the amount of the two warrants mentioned. At or about the time this bank failed, the Union Loan & Trust Company also failed, in which bank the city also had funds deposited. When the local improvement money was paid to the city, it was kept separate upon the books of the treasurer, but in depositing it in the banks, it was commingled with the general funds of the city. On September 29, 1914, a demand was made for the payment of warrants 89 and 82, and was refused.

On or about the 19th day of January, 1915, the defendant city brought an action in the district court of the United States for the western district of Washington, southern division, seeking to establish a preferred claim to the moneys which it had on deposit in the United States National Bank

at the time of its failure, and in the event that it did not pre-
vail as a preferred claimant, that the warrants and bonds be
offset against the amount of its general claim. On or about
the 10th day of February, 1915, the present action was begun.
A temporary restraining order was issued out of the Federal
court restraining the receiver from prosecuting the action.
On the 17th day of June, 1915, the restraining order was
dissolved and the Federal court entered an order in which it
was provided that, if, in the final determination of the cause
in that court, or any court to which the cause might be ap-
pealed, it should be determined that the city of Centralia was
not a preferred claimant, in that event, the same right of
offset should exist as to the funds coming into the hands of
the receiver in payment of the warrants as would exist had
the warrants not been paid.

The moneys paid to the city treasurer from local improve-
ment district No. 32 were deposited in the Union Loan &
Trust Company. After the failure of that company, and
prior to the trial of this action, the city had received dividends
in about the sum of $23,000, and also from bonding com-
panies approximately the sum of $20,000. When this sum
was received it was apportioned by the city commission to
various funds, principally to the light and water fund. No
part of it was apportioned to the payment of the warrants
for local improvement district No. 32. The trial court found,
and the evidence sustains the finding, that, on the 14th day of
February, 1914, and at all times thereafter, the city had on
hand more than sufficient amount of money to pay warrants
89 and 82.

In this action the defendants, as an affirmative defense,
pleaded in abatement the action in the Federal court. The
first question is whether this plea should have been sustained.
The rule is that, where the court in the progress of a suit
properly pending before it, takes possession of property, its
jurisdiction over the property for the time being becomes ex-
clusive, and no other court can interfere with the possession

so acquired, and where, in the progress of the litigation, the court acquiring jurisdiction may be compelled to assume the possession and control of specific property, its jurisdiction is also exclusive. *Merritt v. American Steel-Barge Co.*, 79 Fed. 228.

In *Caine v. Seattle & Northern R. Co.*, 12 Wash. 596, 41 Pac. 904, it was held that an action *in rem* in the Federal court is not a bar to another action between the same parties for the same cause in the state court.

In *Puget Sound State Bank v. Gallucci*, 82 Wash. 445, 144 Pac. 698, Ann. Cas. 1916A 767, it was held that an action in equity in the Federal court seeking an adjustment of funds as between creditors could not be pleaded in abatement in an action at law in the state court to recover a money judgment.

In *State ex rel. Scandinavian-American Bank of Seattle v. Tallman*, 29 Wash. 411, 69 Pac. 1115, the parties were rival claimants to a local improvement fund then in the city treasury. The surety company, which had completed the improvement when the contractor failed, began an action in the Federal court to restrain the city comptroller from paying the funds to any other person than the surety company. The defendant in that case claimed the fund, or a part of it, as assignee of the contractor. It was there held that the plea in abatement, setting up the proceedings in the Federal court, should be sustained, because "the court which adjudicates this controversy, should have the right to control this fund." That case, however, is distinguishable from the present case. Here the fund sought is in the city treasury. The litigation in the Federal court is over the funds in the hands of the receiver of the United States National Bank. If the city there prevails as a preferred claimant, the Federal court would have no concern relative to the warrants for which payment is here sought. The Federal court, in its order, recognized the right of the receiver to prosecute the present action, and protected the parties in their rights by allowing the same rights of set-off as against that fund as would exist against

the warrants, if any. In the present action there is no plea of set-off. In the case last referred to, both parties were seeking the possession of the same fund, and in the progress of the litigation which had been brought in the Federal court, it would be necessary to assume the possession and control of the specific fund. We think the plea in abatement in this action cannot be sustained.

The next question is whether mandamus is the proper remedy to compel the payment of the warrants. The contention of the defendants is that the plaintiff's remedy, if any, was a suit sounding in tort for damages and not by proceeding in mandamus. The rule is that, where funds are in the city treasury available for the payment of certain warrants and payment thereof is refused, mandamus is the proper proceeding to compel the payment of such warrants; and, in such proceeding, there may be pleaded any defenses which will defeat the claimed right to the writ. *Cloud v. Sumas*, 9 Wash. 399, 37 Pac. 305; *Abernethy v. Medical Lake*, 9 Wash. 112, 37 Pac. 306; *Bacon v. Tacoma*, 19 Wash. 674, 54 Pac. 609.

In the case now before us, the fund was available for the payment of the warrants at the time the demand was made, because there remained continuously in the general fund sufficient money to pay the warrants, and the city, by commingling the local improvement fund with its general fund, made the general fund liable for the payment of the local improvement warrants. Section 28 of the local improvement act requires that all moneys collected by the treasurer for local assessments shall be kept as a separate fund, known as "Local Improvement Fund, District No. —," and shall be used for no other purpose than for the redemption of warrants and bonds drawn upon or against such fund. Laws of 1911, ch. 98, p. 459, § 28 (Rem. 1915 Code, § 7892-28).

In *State ex rel. American Freehold-Land Mortgage Co. v. Tanner*, 45 Wash. 348, 88 Pac. 321, it was held that local improvement obligations "cannot be made a general charge

against the city." Reason and authority both sustain the proposition that the local improvement fund is a trust fund. *Weik v. Wausau*, 143 Wis. 645, 128 N. W. 429; *State ex rel. Scandinavian-American Bank of Seattle v. Tallman, supra.*

Where trust funds are commingled with other funds, and there remains continuously in such commingled fund an amount in cash equal to the amount of the trust fund, the trust obligations are payable out of the commingled fund. In *Carlson v. Kies*, 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317, it was said:

"The appellant suggests that the identical money was not traced into the hands of the receiver. That is true, but the old rule requiring an identification of the specific fund or its avails in the hands of a receiver has been relaxed in the later cases. The doctrine of the modern authorities, and what we consider the sounder view, is that the trust fund is recoverable where an equal amount in cash remained continuously in the bank until its suspension and passed to the receiver."

Applying the doctrine of that case to the facts in the present case, it follows that, since the city commingled the trust fund with its general fund, and there remained continuously in that fund sufficient to meet the warrants, the fund is available for their payment, and the writ of mandamus should issue.

Our attention has been called to a sentence in the findings of the trial court, wherein it is stated that there is not in "the city treasury now, funds applicable to the payment of warrants 89 and 82." While this sentence is embodied in the findings, it is only an expression of the opinion of the trial court as to whether the money then in the city treasury is applicable to the payment of the warrants. From what has already been said, it would appear that, upon this question we have reached a different conclusion from that of the trial court.

Some contention is also made that, since the present city treasurer is not the same person that held the office when the local improvement funds were received, such fund never came

into his possession, and, consequently, the writ should not issue. Little need be said upon this question. The office of city treasurer is continuous, regardless of the person who may fill that office. The funds, as already shown, having been commingled, were available for the payment of the warrants. The commingled fund, sufficient to pay these warrants, was in the possession of the present city treasurer.

The judgment upon plaintiff's appeal will be reversed, and upon defendants' cross-appeal affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.