[No. 15713.    Department Two.    July 21, 1920.]

F. ZIMMERLI, *Appellant*, v. NORTHERN BANK & TRUST COMPANY *et al., Defendants and Appellants.*[1]

BANKS AND BANKING (7, 26)—INSOLVENCY—ASSETS—GENERAL OR SPECIAL DEPOSITS—PREFERENCES.  Where both drawer and payee of a check were customers of the bank and payment of mortgage bonds sold by the bank was made by the check, the check was not a trust fund and in any event did not entitle the payee to a preferred claim on insolvency of the bank prior to the presentation of the check, since the check did not augment the funds in the bank.

FRAUD (4)—MATTERS OF FACT OR OPINION.  Representations by a bank acting as selling agent of mortgage bonds that they were A-1 security, when the security in part was bad, are not admissible as fraudulent representations, being in effect mere expressions of opinion.

Cross-appeals from a judgment of the superior court for King county, Dykeman, J., entered October 11, 1919, in favor of the plaintiff as to one cause of action, and denying relief upon the second cause of action, in an action to establish preferred claims against an insolvent bank, tried to the court.  Affirmed on plaintiff's appeal; reversed on defendant's appeal.

*F. W. Moore* and *Charles H. Miller*, for plaintiff.

*Bausman, Oldham, Bullitt & Eggerman* and *Walter L. Nossaman*, for defendants.

MOUNT, J.—The plaintiff brought this action against the Northern Bank & Trust Company (now insolvent)

[1]Reported in 191 Pac. 788.

and the state bank examiner (now commissioner) liquidating that bank, to recover a preferred claim of $1,000, upon a first cause of action, and to recover a preferred claim for $2,000, upon a second cause of action. The case was tried to the court without a jury, and resulted in a judgment establishing the claim upon the first cause of action as a preferred claim, and denying any relief upon the second cause of action. The defendant has appealed from that part of the judgment establishing the $1,000 claim as a preferred claim, and the plaintiff has appealed from that part of the judgment denying any relief upon the second cause of action. We shall therefore refer to the parties as plaintiff and defendant.

The facts upon the first cause of action may be briefly stated as follows: In January of 1913, one H. Ryan and his wife executed and delivered to the Northern Bank & Trust Company four promissory notes in the form of bonds for $500 each. These bonds were made payable to the Northern Bank & Trust Company or bearer. They were secured by a mortgage upon certain real estate. Thereafter the Northern Bank & Trust Company sold two of these bonds to the plaintiff. Afterwards the Northern Bond & Mortgage Company acquired the interest of Ryan and wife in the mortgaged property. The Northern Bond & Mortgage Company was a depositor in the Northern Bank & Trust Company. The plaintiff was also a depositor in that bank. After the Northern Bond & Mortgage Company had acquired the interest of Mr. Ryan in the real estate, that company deposited its check with the Northern Bank & Trust Company in satisfaction of the mortgage which had been executed by Ryan and wife. The officers of the bank thereupon satisfied the mortgage. The plaintiff was not notified

that the bonds had been paid and the mortgage released. The check drawn in payment of the bonds was drawn upon funds on deposit in the Northern Bank & Trust Company. Thereafter, and before the plaintiff was notified that the bonds had been paid, the bank examiner (now commissioner) took charge of the bank as an insolvent institution and proceeded to its liquidation. The plaintiff seeks upon these facts to have his claim for $1,000 declared a preferred claim, upon the theory that the check for the payment of his bonds was a trust fund to be paid to him, and because it was not paid to him, that he is entitled to a preferred claim for that amount. It is stipulated that the bank commissioner has on hand more than $1,000 of the bank's assets. The trial court was evidently of the opinion that the check deposited in payment of the bonds was a trust fund, and for that reason ordered that the plaintiff have a preference right to his money.

The counsel for the defendant make the contention here that, because the assets of the bank were not augmented by the transaction, there could be no preference right on the part of the plaintiff, and cite a number of cases to that effect. The rule seems to be, as stated in 14 R. C. L. at page 664:

"But where a trustee has mingled the trust funds with his individual money, the *cestui que trust* is not generally allowed to follow and hold it as against the creditors of the trustee, unless he can trace it and show that the estate has been increased by the misappropriation."

In the case of *Empire State Surety Co. v. Carroll County,* 194 Fed. 593, it was said:

"It is indispensable to the maintenance by a *cestui que trust* of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust prop-

erty or its proceeds went into a specific fund or into a specific identified piece of property which came to the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it. It is not sufficient to prove that the trust property or its proceeds went into the general assets of the insolvent estate and increased the amount and the value thereof which came to the hands of the receiver."

On page 606 the court said:

"Proof that these checks augmented the cash that went into the hands of the receiver, or that they produced cash which he obtained, was indispensable to any preference on their account.

"But checks of third persons on the bank with which they are deposited which are paid by crediting the bank and charging the drawers on its books fail to increase the cash in its possession and form no basis for a preferential payment to the depositor. *Beard v. Independent District of Pella City,* 88 Fed. 375, 382, 31 C. C. A. 562.

"Moreover, the deposit of checks of third persons which are credited to the depositor and used by the bank to pay its debts bring no money into its fund of cash and form no foundation for preferential payment to the depositor. *City Bank v. Blackmore,* 75 Fed. 771, 773, 21 C. C. A. 514."

In *Beard v. Independent District of Pella City,* 88 Fed. 375, it was said:

"The foundation of the right on part of the owner of a trust fund to a preference over general creditors in payment out of a fund or estate that has passed to the assignee or receiver of an insolvent person or corporation is, that the trust fund has been wrongfully confused or intermingled with the property of the insolvent, or has been used to increase the value of property, thereby increasing the amount or value of the funds or estate passing into possession of the assignee or receiver; that, if this intermingling had not taken place, the fund passing to the receiver would

have been so much less; that the creditors have only the right to subject the property of the debtor to the payment of their claims, and therefore the creditors cannot complain if the total fund coming into the hands of the receiver is reduced by the amount necessary to make good to the owner of the trust fund the sum which was wrongfully used in augmenting the fund or property passing to the receiver. Unless it appears that the fund or estate coming into possession of the receiver has been augmented or benefited by the wrongful use of the trust fund, no reason exists for giving the owner of the trust fund a preference over the general creditors, and this we understand to be the doctrine recognized by the supreme court of Iowa and the supreme court of the United States alike.''

The evidence in this case fails to show that there was any augmentation of the funds of the bank by the payment of the bonds in this case. The payment was made by a check drawn upon funds already in the bank. Both the drawer and the payee of the check were customers at the bank. The utmost duty of the officers of the bank on receiving the check in satisfaction of the bonds and mortgage was to pass the amount of the check to the credit of the plaintiff. This was not done. If it had been done the plaintiff would have been a general creditor and nothing more. The fact that it was not done did not place him in any better position than if the officers of the bank had done their duty and placed the amount of the check to his credit.

The defendant relies upon the case of *Carlson v. Kies,* 75 Wash. 171, 134 Pac. 808, 47 L. R. A. (N. S.) 317. That was a case where there was a special deposit of $3,070 in the bank to be held for a stated purpose. The deposit in that case clearly augmented the assets of the bank. The point made here was not in that case. Counsel also cite the case of *State ex rel. Titlow v. Centralia,* 93 Wash. 401, 161 Pac. 74. That

was also a case where the funds were augmented by the receipt of money. The case of *Rugger v. Hammond,* 95 Wash. 85, 163 Pac. 408, is also cited by the defendant. That was a case where certain rugs had been entrusted to the insolvent corporation to be sold. Part of the rugs were sold and the money received therefor was mingled with the assets of the insolvent corporation. It was held in that case that there was no preferential right of the creditor. In none of these cases was the point now under consideration discussed.

We think it is clear that there could be no preferential claim of the plaintiff upon the funds of the insolvent bank, even if the deposit of the check by or on behalf of the maker of the bonds might be held to be a trust deposit, because the deposit of this check did not increase or augment the funds of the bank, and we see no good reason for giving the plaintiff a preference over general creditors. Furthermore, we are of the opinion that, if the officers of the bank had performed their whole duty, they would have deposited the check to the credit of the plaintiff when the check was received, and if they had done their duty in this respect the plaintiff would have been merely a general creditor of the bank and entitled to no preference right. The mere fact that the bank officers did not do their duty gave him no greater rights than he would have had if they had performed their duty fully. We are of the opinion, therefore, that the trial court erred in establishing this claim as a preference claim over general creditors.

The second cause of action, upon which the plaintiff has appealed, was one where one Hunter, who was at that time an officer of the bank, executed certain bonds and secured them by mortgage upon real estate. Four of these bonds were purchased by the plaintiff. The

bonds have not been paid. Plaintiff is seeking to hold the bank therefor. It is claimed that the officers of the bank represented to the plaintiff, at the time they purchased these bonds, that they were A-1, secured by a mortgage double the value of the bonds, without any other liens thereon. The evidence of the plaintiff upon this question was to the effect that he asked the manager of the bank, at the time he bought the bonds, as to the value thereof and as to the security, and was informed that the bonds and security were A-1. There was evidence to the effect that, at that time, the security was in fact good. There was evidence also that there were improvement liens against the property, which is not now worth the amount of the bonds. The trial court, after hearing the evidence on this question, evidently concluded that there was no fraudulent representation, that the expressions made by the bank officers at the time plaintiff purchased these bonds were in effect expressions of opinion merely. The bank did not indorse the bonds. They were simply agents for the purpose of collecting the interest and principal and paying it to the bondholders.

We are satisfied from the record here that the trial court properly found upon this cause of action, and the judgment of the trial court thereupon is affirmed.

The defendant, being successful in this court, is entitled to costs.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.