W. J. MURRAY, Superintendent of Banking, Appellee, v. NORTH LIBERTY SAVINGS BANK et al., Appellees.

LONE TREE SAVINGS BANK, Appellant, v. HAROLD D. EVANS, Receiver, Appellee.

RECEIVERS: Claims—Priority. The act of a depositor in directing the bank to forward a named portion of a general deposit to a third party in payment of the depositor's overdue note (which direction was not obeyed), and the subsequent act of the bank in issuing its certificate of deposit to said third party in payment of said note (which certificate was refused), create no enforcible trust relation in said third party over said portion of the deposit.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

OCTOBER 23, 1923.

ACTION in equity by the Lone Tree Savings Bank against the receiver of the North Liberty Savings Bank to have established as a preferred claim the sum of $10,000 on the theory of a constructive trust. The opinion states the facts. The trial court denied the right of the claimant to preference and entered a decree in conformity to the finding. Claimant appeals.— *Affirmed.*

*R. P. Howell,* for appellant.

*Walter M. Davis,* for appellee.

DE GRAFF, J.—The primary issue of this appeal involves the theory of a constructive trust. The material facts are not in dispute.

On March 26, 1921 one W. W. Young placed $14,500 in the North Liberty Savings Bank of North Liberty, Iowa, and as evidence thereof Exhibit 3 was executed, in words and figures as follows:

> "North Liberty Savings Bank
>             deposited by
>           W. W. Young
>                         North Liberty, Iowa
>                         March 26, 1921
>     Please List Each Check Separately
>                               Dollars   Cents
> Currency   .   .   .   .   .   .   .   .   .   .   .   .
> Silver   .   .   .   .  Dup.  .   .   .   .   .   .   .
> Gold .   .   .   .   .   .   .   .   .   .   .   .   .
> Checks as follows:
>
> .   .   .   .   .   .   .   .   .   .   .   .   .   .
> .   .   .   .   .   .   .   .   .   .   .   .   $14,500.00"

At that time the past-due promissory note of Young in the sum of $10,000 was owned by the Lone Tree Savings Bank, and the cashier of the Liberty Savings Bank was orally directed by Young to send $10,000 of the amount deposited to the Lone Tree Bank in payment of the note. The Liberty Bank, through its cashier, executed a certificate of deposit in the sum of $10,000, but failed and neglected to send it to the Lone Tree Bank. Subsequently, and upon notice to Young by the Lone Tree Bank that his note remained unpaid, he went to the Liberty Savings Bank on May 28th, and inquired why the money had not been sent as directed. On that date the cashier of the Liberty Bank executed and delivered to Young a certificate of deposit payable to his order in the amount of $10,000 due in six months, with interest at 4½ per cent, and directed Young to take it to the

Lone Tree Bank for acceptance. The certificate was presented to the Lone Tree Bank in payment of the note, but the tender was refused. The certificate was thereafter held by Young and placed in his safety deposit box in the North Liberty Bank where it remained until the bank was closed, and placed under the supervision of the banking department of the state of Iowa on August 26, 1921. At a later conference between Young and Mr. Heng of the state banking department the certificate was indorsed by Young payable to the North Liberty Savings Bank and the Lone Tree Savings Bank with the further notation, to wit:

"It being understood and agreed that the proceeds of this certificate shall be applied on the note for $10,000 dated 2/26/21 signed by myself and wife and guaranteed by the North Liberty Savings Bank and carried on their books as a rediscount."

On August 31, 1921, H. D. Evans was appointed receiver for the insolvent Liberty Savings Bank.

With this state of facts before us the primary question is presented: Was a trust fund created in favor of the appellant bank entitling it to a preferential claim? Conceding that a constructive trust was created, two questions subsidiary to the primary issue arise: Are the funds traceable into the assets of this bank and into the hands of the receiver? Are the rights of the appellant bank precluded by waiver or estoppel? An answer in the negative to the first question determines this appeal, and necessarily the other questions in a large degree become immaterial.

If Young is viewed as a mere depositor then the Liberty Bank is merely his debtor and the relation between Young and the bank is the relation of creditor and debtor only. It is apparent that Young opened an account at the North Liberty Bank. He deposited $14,500, and this deposit at all times was subject to his check. An oral direction to the cashier to send a part of the funds and charge the account with a corresponding amount did not prevent Young from sending his own check to the Lone Tree Bank in payment of his note, nor prevent him from countermanding the direction given by him to the cashier of the Liberty Bank.

In brief, the title to the $10,000 remained in Young. When he discovered a few days later that the bank had failed to respect his direction he could have legally revoked the agency of the bank for this particular purpose. Instead, for a reason not disclosed by the record, he accepted a draft payable to his own order, and with direction from the issuing bank to take it to the Lone Tree Bank and try to induce the latter to accept the same.

The insolvent bank was not the agent of the appellant bank for the collection of the note, and the latter did not know that the maker of the note had given instructions to the bank in which the deposit had been made. Clearly the appellant bank never had any enforcible interest in the moneys so deposited. Young was merely a creditor of the receiving bank at all times, and this was recognized by him when he accepted a certificate of deposit payable to his order after he became acquainted with the fact that the appellee bank had failed to carry out his instruction and direction.

The case of *Whitcomb v. Carpenter*, 134 Iowa 227 is clearly distinguishable on the facts from the instant case. The moneys here were not wrongfully received nor is there any evidence of fraud in the transaction which gives rise to the claim of a constructive trust; nor may it be said that the particular fund received by the appellee bank was to be applied as payment on a particular debt. It was a general deposit with an oral direction that part of it should be remitted to a creditor of the depositor. See *Messenger v. Carroll Tr. & Sav. Bank,* 193 Iowa 608; *Zimmerli v. Northern Bank & Tr. Co.,* 111 Wash. 624 (17 A. L. R. 192) ; 5 Cyc. 514.

Nor is the principle announced in *Dolph v. Cross,* 153 Iowa 289 in point for the reason that the deposit was special and made for the sole purpose of meeting checks already drawn by the depositor against the fund, and the bank officials were so informed.

Having reached the conclusion announced under the facts in this case, we deem it unnecessary to pursue the inquiry further. The judgment entered by the trial court must be and is— *Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.