MILLER and others, Respondents, vs. CITY OF MILWAUKEE and others, Appellants.

*November 14, 1923—February 12, 1924.*

*Municipal corporations: Metropolitan sewerage district: Proceeds of bonds deposited with city treasurer: Borrowing from fund for general city purposes.*

1. Money raised for a special municipal purpose under an express limitation to a particular use cannot lawfully be used for any other purpose.  p. 554.

2. Sec. 925—130a, Stats. 1919, which provides that the common
   council of a city of the first class may borrow from any
   ordinary city fund, or special fund having cash to its credit
   then on hand in its treasury other than cash set apart for the
   payment of the bonded debt of such city and the interest
   thereon and bond proceeds, does not authorize the city of Mil-
   waukee to divert funds belonging to the Metropolitan sewerage
   district, provided for by chapters 554 and 590 of the Laws of
   1921, for city purposes, such funds not belonging to the city,
   and the fund, as "bond proceeds," being specifically exempted
   by the statute.  p. 555.

APPEAL from an order of the circuit court for Milwaukee
county: JAMES WICKHAM, Judge.  *Affirmed.*

This action was brought by the plaintiffs as taxpayers of
the city of *Milwaukee* and of the Metropolitan sewerage
district of Milwaukee county, for and on behalf of them-
selves and all other taxpayers within said Metropolitan
sewerage district, against the city of *Milwaukee,* its treas-
urer and comptroller, to compel restoration of certain funds
to the credit of the Sewerage Commission of the city of
*Milwaukee* and to enjoin future diversion thereof.

The complaint alleges that pursuant to chapters 554 and
590 of the Laws of Wisconsin for the year 1921 a Metro-
politan sewerage district was created in Milwaukee county,
including within its area the city of *Milwaukee* and certain
territory outside the city of *Milwaukee,* and that a Metro-
politan sewerage commission was duly appointed for said
district; that the area of said district lying outside the city
of *Milwaukee* embraces 70,160 acres, and the area within the
city of *Milwaukee* 26,640 acres; that in the year 1922 the
county board of Milwaukee county caused to be issued
Metropolitan sewerage bonds in the sum of $3,000,000 for
the use of the Sewerage Commission of the city of *Mil-
waukee;* that said bonds showed on their face that they
were issued for the benefit of so much of the territory of
said county as lies within the same drainage area as the city
of *Milwaukee;* that on the 2d day of October, 1922, in
accordance with law, the county treasurer of Milwaukee

county paid over to the treasurer of the city of *Milwaukee* the proceeds of the sale of said bonds in the sum of $3,000,000 to the credit of the Sewerage Commission of the city of *Milwaukee,* which amount was deposited by said city treasurer in various banks of the city of *Milwaukee* to his credit as city treasurer of the city of *Milwaukee,* and that thereafter there was earned and credited to him as city treasurer of the city of *Milwaukee* by said banks, interest upon the daily balance at the rate of three per centum per annum; that upon the receipt of said sum it became the duty of the said city treasurer to earmark said fund as a trust fund received by him as trustee thereof for the benefit of the said Metropolitan sewerage district and to the credit of the Sewerage Commission of the city of *Milwaukee,* and to collect and hold all interest thereon for said trust fund and not to mingle said trust fund or interest earned thereon with any funds whatsoever of the city of *Milwaukee.*

That, contrary to law and without authority, justification, or excuse, the said city treasurer neglected and refused to recognize the trust character of said fund of $3,000,000, but mingled the same with the general funds of the defendant city of *Milwaukee* by and with the consent of the comptroller of the city of *Milwaukee;* that on or about the 8th day of December, 1922, the said city of *Milwaukee* had drawn out of its funds for city purposes more money than belonged to or stood to the credit of such funds if said fund of $3,000,000 had not been wrongfully added thereto as aforesaid; that said city of *Milwaukee* has been collecting and keeping the interest earned on said sum and now claims to be the absolute owner of said interest; that said moneys are now mingled with the funds of the city of *Milwaukee,* and that the defendants, after due demand, have refused to restore or return said funds so that they may be held by the city treasurer of the city of *Milwaukee* as trustee thereof, and have refused to credit said fund with the interest earned thereon and rightly belonging thereto as such trust fund; that said defendants have given out and threatened that they

will continue to keep said $3,000,000, or the balance thereof, mingled with the other money of said city, and that they will keep and hold for the city of *Milwaukee* all interest earned thereon, and that they will not restore or return said funds or the balance thereof, mingled with the other money of said city, so that said funds may be held by the city treasurer of the city of *Milwaukee* as trustee thereof, and that they claim that the city of *Milwaukee* is the absolute owner of all interest earned upon said fund and will keep and hold the same for the benefit of the city of *Milwaukee*.

The complaint prays for judgment requiring the defendants to restore the moneys so diverted, to the credit of the Sewerage Commission, in the hands of the city treasurer of *Milwaukee,* with interest thereon at the rate of three per cent. from the 2d day of October, 1922, and all additional interest thereon which may have been collected on said fund, and that the city treasurer be required to keep said funds to the credit of the Sewerage Commission of the city of *Milwaukee* separate and distinct from all other funds whatsoever, and that he be required to earmark said fund as such trust fund and so deposit the same in banks that it cannot be withdrawn except upon warrants or checks authorized by the Sewerage Commission of the city of *Milwaukee,* and that said defendants be perpetually restrained from in any manner diverting said funds from the fund of the Sewerage Commission and from using any part of such fund for city purposes.

A demurrer to the complaint was overruled, from which order defendants appealed.

*John M. Niven,* city attorney, and *Chas. W. Babcock,* assistant city attorney, for the appellants.

*Albert B. Houghton* of Milwaukee, for the respondents.

The following opinion was filed December 11, 1923:

Owen, J.    The Metropolitan sewerage district of the city of *Milwaukee* includes the city of *Milwaukee* and territory

lying outside the city of *Milwaukee* within the same drainage area. The law under which it was created was considered by this court in *Thielen v. Metropolitan Sewerage Comm.* 178 Wis. 34, 189 N. W. 484, to which reference may be had for a better understanding of the plan and nature thereof. It was there said that the Metropolitan sewerage district is at least a *quasi*-municipal corporation, organized for the purpose of promoting the public health, the officers of which are chosen in the manner designated by the act. So much of the plant as lies within the city of *Milwaukee* is under the control and management of the Sewerage Commission of the city of *Milwaukee,* while that portion of the plant lying outside the city of *Milwaukee* is under the control and management of the Metropolitan sewerage commission.

The law provides that whenever the Sewerage Commission of such city requires funds out of which to pay for the projection, planning, construction, and maintenance of a sewerage system for the collection, transmission, and disposal of house and other sewage, and for constructing, building, and maintaining its sewage disposal plant in connection therewith, it shall adopt a resolution stating the amount that it requires for such purposes and shall file with the county board of supervisors of such county a certified copy thereof, and thereupon such board of supervisors is required and directed to provide by resolution for issuing corporate bonds of such county for the amount so required payable within twenty years from the time of their issue in lawful money of the United States, which bonds shall be called Metropolitan sewerage bonds and shall show on their face that the same are issued for the benefit of so much of the territory of said county as lies in the same drainage area as said city of the first class, and that there shall be annually levied by said county board a direct tax upon all taxable property in such drainage area sufficient to pay the annual interest thereon, and after and upon the expiration of the

first ten years to raise a sinking fund each year of ten per cent. on the principal of such bonds remaining unpaid 'and outstanding for the payment of such principal as the same becomes due, which tax shall be collected in the same manner as county taxes are collected. Upon the sale of any such bonds the county board of such county shall pay the proceeds thereof to the city treasurer of said city of the first class to the credit of the Sewerage Commission of said city and said city treasurer shall, from time to time, against said fund, pay warrants or checks when authorized by said commission and signed by the chairman and the secretary thereof.

This action raises the question of whether money so raised and paid over to the city treasurer may be mingled with the funds of the city and used for miscellaneous city purposes, and whether the interest arising therefrom may be appropriated by the city for its general purposes. It is well settled that money raised for a special municipal purpose, under an express limitation to a particular use, cannot lawfully be used for another purpose. *Rice v. Milwaukee,* 100 Wis. 516, 76 N. W. 341; *Oconto City W. S. Co. v. Oconto,* 105 Wis. 76, 80 N. W. 1113; *Weik v. Wausau,* 143 Wis. 645, 128 N. W. 429. It cannot be questioned that this fund was raised for a special purpose, and the principle of law just stated protects it from use for other purposes unless statutory authority can be found authorizing the city of *Milwaukee* to divert it from the special fund to which it is credited and use it for general city purposes.

The city contends that such statutory authority is to be found in sec. 925—130*a* of the Statutes of 1919, which section was enacted by ch. 256 of the Laws of 1899, and provides as follows:

"The common council of any city of the first class, as defined in section 925—1 of the statutes, may from time to time borrow from any ordinary city fund or special fund having cash to its credit then on hand in its treasury, other

than the cash raised and set apart for the payment of the bonded debt of such city, and the interest thereon and bond proceeds, such sums of money for the benefit of other ordinary city funds not having cash on hand, in anticipation of the incoming taxes of the year, as they shall deem necessary. All such sums of money so borrowed shall be repaid out of the incoming taxes for the year not later than the first day of February following."

This statutory provision does not authorize the diversion of the fund under consideration, for two reasons: first, because the section quoted provides that the common council may borrow from any ordinary *city fund*. This is not a city fund. It is a fund belonging to the Metropolitan sewerage district. It was raised by bonds issued against the property within said Metropolitan sewerage district, that without as well as that within the city of *Milwaukee*. It was raised for a purpose in which every taxpayer within the Metropolitan sewerage district, those without as well as those within the city of *Milwaukee,* is interested. It is not a fund belonging to the city of *Milwaukee* at all. It belongs to an entirely different political entity, namely, the Metropolitan sewerage district, which this court said is at least a *quasi*-municipal corporation. The law makes the city treasurer of the city of *Milwaukee* custodian of the fund. It makes the city Sewerage Commission trustee for the management and investment of the fund. But it does not vest the city of *Milwaukee* with any title to or control over the fund. The second reason is that the fund constitutes "bond proceeds," which are specifically exempted from the provisions of sec. 925—130*a*. The city attorney argues that bond proceeds are not within the exemption, but this contention cannot be sustained. As we interpret the section, it specifically provides that the common council may not borrow from bond proceeds, or from moneys raised and set apart for the payment of the bonded debt of such city, or the interest thereon.

It follows that the complaint states a good cause of action and the demurrer was properly overruled.

*By the Court.*—Order appealed from affirmed.

A motion for a rehearing was denied, with $25 costs, on February 12, 1924.