(No. 19868.

THE PEOPLE ex rel. D. G. Carnine, County Collector, Appellee, vs. THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1930.*

C. R. PATTERSON, (L. H. STRASSER, N. S. BROWN, and JOHN E. JENNINGS, of counsel,) for appellant.

R. B. FOSTER, State's Attorney, (F. J. THOMPSON, of counsel,) for appellee.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

The county collector of Moultrie county made application to the county court of that county for judgment and order of sale against lands returned delinquent for non-payment of taxes levied for the year 1928. The Wabash Railway Company filed objections to a portion of the taxes levied by school districts Nos. 43 and 50. 'The objections were overruled, judgment was rendered for the taxes and the railway company prosecutes this appeal.

At an election held in school district No. 43, in Moultrie county, on March 26, 1927, the building of a school house and the issuance of bonds aggregating $4000 to raise money for that purpose were authorized. On April 6, 1927, a certified copy of a resolution levying a tax to pay the interest on and the principal of the bonds as they respectively matured was filed in the county clerk's office. For the year 1928, the tax so levied amounted to $692.50. The school directors of the district, in the same year, levied $950 for educational purposes and $650 for building purposes. The county clerk extended, on each one hundred dollars of assessed valuation of property in the district, seventy-two cents for educational purposes; thirty-eight cents for building purposes, and fifty-two cents for bonded indebtedness and the interest thereon, making a total of $1.62. Appellant's tax amounted to $855.73, of which it paid $655. Its objections, with respect to the taxes levied by district No. 43, concern the balance of $200.73.

At an election held in district No. 50 on March 18, 1925, the building of a school house and the issuance of bonds in the amount of $48,000 to raise money therefor were authorized. The board of education adopted a resolution levying an annual tax during a period of years to pay the interest and principal of this indebtedness. A certified copy of the resolution was filed in the county clerk's office on December 13, 1927. The tax levied by the reso-

lution for the year 1928 amounted to $5208.75. In the same year the board of education of the district levied $20,000 for educational purposes, and $7500 for building purposes. On each one hundred dollars of assessed valuation of property in the district, the county clerk extended thirty-five cents for bonded indebtedness and the interest thereon; one dollar for educational purposes, and thirty-eight cents for building purposes, or a total of $1.73. Appellant's tax in district No. 50 was $1214.89; it paid $965.59, and its objections concern the balance of $249.30.

Each of these two school districts has a population of less than two hundred thousand. No election has been held in either district to authorize a greater rate of taxation for building purposes than that which might be levied without a vote of the people. The question raised by appellant's objections is whether a school district of the character and in the situation stated, which has levied taxes for educational and building purposes, may levy an additional tax to pay bonds issued for the purpose of raising money to build a school house or whether such additional tax must be included within the authorized rate for building purposes.

The question presented was answered in *People* v. *Illinois Central Railroad Co.* 337 Ill. 276. It was there decided that such a school district may levy taxes for educational and building purposes only; that a bonded indebtedness incurred for building a school house must be paid out of the tax levied for building purposes, and that the levy for the latter purpose may not exceed the maximum rate prescribed by the statute. The only taxes involved in appellant's objections were the taxes levied by the two districts to pay their bonded indebtednesses incurred as stated. Since these taxes were not included in the taxes for building purposes, they were levied without authority, and appellant's objections should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*