First National Bank of Mackinaw, Appellee, v. School
District No. 64 of Cook County et al., Defendants.
Appeal of American Seating Company, Appellant, et al.

Gen. No. 37,625.

Opinion filed December 24, 1934.

CULVER, MCKEON & MILLER, of Chicago, for appellant; JAMES B. MCKEON, of counsel.

EDWARD G. BERGLUND, of Chicago, for cross appellants.

CUMMINGS & WYMAN, of Chicago, for appellee; AUSTIN L. WYMAN, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The First National Bank of Mackinaw, Illinois, on its own behalf and on behalf of other holders of certain building bonds of School District No. 64 of Cook county, filed a bill for an accounting and an injunction to restrain the School District, its president, secretary, and treasurer, from paying the face value of certain tax anticipation warrants issued by said School District and owned by the defendants, until the building bonds and accrued interest, owned by plaintiff, are paid in full.

A decree was entered in the superior court upon a stipulation of facts incorporated in the decree, which found the equities for the plaintiff and against the defendants. Defendants American Seating Company, American Terra Cotta Company and Andres Stone & Marble Company appeal.

The bill prayed that the tax anticipation warrants held by the defendants be declared invalid. The court denied this, holding that these warrants should not be declared invalid. Plaintiff, the appellee, argues for the reversal of this finding in the decree, and a considerable portion of the briefs filed here is devoted to arguments and citations touching this point. However, we shall not pass upon the questioned validity of these tax anticipation warrants for two reasons: (1) The notice of cross-appeal of plaintiff was not filed within the 10 days required by Rule 35 of the

Supreme Court, adopted by this court in Rule 4. Moreover, no notice of cross-appeal was served upon the appellant American Seating Company, which appealed on its own behalf and not on behalf of any other defendant. (2) We are holding that the chancellor properly found that the amount due on the bonds held by plaintiff and others should be paid first, before any of the warrants should be paid. Neither the School District nor any of its officers are appealing, and plaintiff, who alone is raising the point, is not concerned with the validity of these warrants.

From the stipulation it appears that at various times School District No. 64 of Cook county, Illinois, duly issued its bonds for the purpose of constructing authorized schoolhouses in said district. These bonds were payable in instalments upon a schedule arranged so that they would be retired within 20 years, as required by the constitution of Illinois. (Art. 9, sec. 12.) They were to be paid out of an annual tax levied on the taxable property in the School District and the annual taxes levied were based upon the amount necessary to be raised to pay the annual instalments of the principal and interest due on these bonds.

The particular tax levy involved is for the year 1931. In that year there was due and payable to plaintiff, and others represented by it, on account of principal and interest on the building bond issue held by them, the aggregate sum of $41,001. All these bonds and interest coupons are primarily payable out of the building fund and the taxes collected for the building fund of said district.

If all the taxes for the year 1931 upon the assessed valuation of all taxable property in this School District were paid in full, the amount collected would be $60,651.45. It is stipulated that on January 20, 1934, only 49 per cent of the amount levied on account of the 1931 tax levy had been collected, or $29,719.21.

The defendant American Seating Company had furnished the District with school desks and received in payment tax anticipation warrants amounting to $5,158. The American Terra Cotta Company and the Andres Stone & Marble Company had received tax anticipation warrants in payment of materials sold, for $1,085.10 and $1,681.93 respectively. Other parties, not appearing in this court, also hold tax anticipation warrants. Altogether there are warrants issued against the 1931 taxes aggregating $46,221.77.

Article 9, section 12 of the Illinois constitution provides that any school district incurring any indebtedness, shall before, or at the time of doing so, "provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." In *Pettibone v. West Chicago Park Com'rs,* 215 Ill. 304, it was held that this provision is self executing and must be read into every subsequent law authorizing a municipality to incur indebtedness. The tax levy for 1931 was an attempt to follow this constitutional mandate and was for the levy of a tax "sufficient to pay" the instalments of principal and the interest falling due upon the bonds which the School District had issued.

In *People v. Chicago & E. I. R. Co.,* 300 Ill. 258, it was held that school directors had no authority to levy taxes for the full amount authorized for a building fund in addition to the amount required to meet maturities of bonds and interest; that taxes could be levied only for such an amount as, added to the requirements for bonds and interest, would not exceed the statutory limits. This holding was, in effect, that where the entire tax collections for any particular year were used in meeting bond and interest charges, where the maximum tax rate had been levied, there could be nothing left of the tax collections of that year

for any other purpose. *Gates v. Sweitzer,* 347 Ill. 353, presented the question whether various items of taxes levied by the South Park Commissioners could be extended when all the interest and bond instalments due had been paid, which involved the question whether the commissioners had the right to borrow temporarily from idle funds for the benefit of a bond fund which would have sufficient income to repay the amount borrowed. The opinion, commenting upon section 12 of article 9 of the constitution, above quoted, said: "It will be observed that this provision of the constitution contemplates not only the levy of taxes sufficient to meet the interest and principal payment on bonds but likewise requires the collection of taxes in such amounts. This provision of the constitution is mandatory and self-executing." The opinion further says that such liabilities accruing during the year for which the levy is made, frequently must, in order to preserve the credit of the municipality, be paid prior to the collection of the tax, and that the officers in charge of the levy must use sound business judgment that the credit of the municipality be not impaired. In *People v. New York C. & St. L. R. Co.,* 323 Ill. 493, a high school district levied a tax for the purpose of paying interest on bonds, which interest had theretofore been paid with funds borrowed from the general school fund. This tax was sustained on the ground that the constitutional requirement for the collection of a tax sufficient to pay interest when due and to discharge the principal within twenty years continues while the debt exists. In *Mathews v. City of Chicago,* 342 Ill. 120, it was pointed out that the interest and bond obligations must be met and that the officials must use sound business discretion in preserving the credit of the municipality, and that it was lawful, where the obligations matured before the tax was collected, to use other idle funds to pay this interest and principal. In *People v. Illinois Cent. R. Co.,* 337 Ill. 276, it was held that a bonded indebtedness

incurred for building a schoolhouse must be paid out of the tax levied for building purposes, and this was followed in *People v. Wabash Ry. Co.*, 338 Ill. 382.

In decisions in other jurisdictions the general principle is stated that where taxes are levied for the purpose of paying bonds and interest, the proceeds cannot be used for the purpose of paying other obligations. In *Angola Brick & Tile Co. v. Millgrove School Township*, 73 Ind. App. 557, it was held that a school township warrant given in payment of materials used in construction of a schoolhouse cannot be paid out of a fund created to retire bonds issued for the erection of the building. This decision is applicable to the instant case. *Miller v. City of Milwaukee*, 182 Wis. 549, held that money raised for a special municipal purpose could not be used for another purpose. To the same effect was the decision in *City of Frankfort v. Fuss*, 235 Ky. 143. In *Chamberlain v. City of Tampa*, 40 Fla. 74, it was held that the city had no power to divert any part of its funds intended for the payment of outstanding bonds and interest to other purposes, and in line with this is *Perry v. Com'rs of Bladen*, 183 N. C. 387.

Counsel for defendants properly argue that it is the policy of the State to maintain the schools and keep them open and for that reason passed the provision of the school law, ch. 122, sec. 117, Illinois Statutes (Cahill) 1933, ¶ 125, that would enable school districts, in an emergency and in years of depression, to obtain funds by anticipating revenues. There is no doubt that this is true, and under proper circumstances it is the duty of school officials to issue tax anticipation warrants. But it does not follow that the prior obligations of a school district and the constitutional mandate controlling them can be set aside by the device of issuing anticipation warrants. Such a proceeding would permit school officials to incur, annually, an indebtedness equal to the amount of taxes collected, and by diverting such taxes to the payment of anticipation

warrants postpone indefinitely, even beyond the constitutional limitation, payment of the bonded indebtedness. Bearing in mind the constitutional provisions, which contemplate the payment of bonded indebtedness in annual instalments, it would seem to be self-evident that these obligations are paramount and must take priority over any other claims.

To the argument that relegating the tax anticipation warrants to an inferior position would cause great confusion and seriously impair the maintenance of the school system, it is sufficient to say that a still greater confusion would ensue if the bonds theretofore issued should be in default, with the possibility that they might never be paid due to continuous issuing of tax anticipation warrants for so-called emergency expenditures.

From what we have said it follows that a tax anticipation warrant cannot be considered merely as an assignment of so much of the tax when collected as is represented by the face amount of the warrant. Whether considered as an assignment of an interest in the tax levy or as a promise of the district to pay in the future, the warrants must be held subordinate to the claims of the bondholders.

We do not agree with the suggestion of counsel for defendants that plaintiff should have instituted mandamus proceedings to compel the school district to levy a tax to cover the bonds and interest coming due in 1931. As we have seen, taxes for this purpose have already been levied, so that mandamus proceedings would be useless.

We hold that the decree of the chancellor with reference to the point above discussed was proper. The question of the validity of the tax anticipation warrants is not properly before us for determination.

For the reasons indicated we affirm the decree.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.