## SMITH *v.* THE ATLANTIC MUTUAL FIRE INSURANCE COMPANY.

Pendency of another action for the same cause in the Circuit Court of the United States for this district, if that court had jurisdiction, is a good plea in abatement.

Such plea is not required to be verified by affidavit.

A plea of another action pending must be accompanied with an enrolment or recital of the writ and declaration in the action pleaded as pending; otherwise the plea will be bad on demurrer.

ASSUMPSIT on a policy of insurance. The defendants pleaded in abatement that, at the time of the commencement of the plaintiff's suit, another action was pending for the same cause between the same parties in the Circuit Court of the United States for the District of New Hampshire, and was still pending ; that the plaintiff's demand in that suit amounted to five hundred dollars ; that he was a resident in the State of Massachusetts, and that the Circuit Court had jurisdiction.

There was no affidavit to the truth of the matter pleaded, nor any enrolment or recital of the writ or declaration in the suit alleged to be pending in the Circuit Court.

To this plea the plaintiff demurred generally.

*Ivers J. Austin*, of Massachusetts, for the plaintiff.

*Auter action pendant* in a court of foreign jurisdiction cannot be pleaded in abatement. *Maule* v. *Murray*, 7 Term Rep. 470 ; *Bowne* v. *Seymour*, 9 Johns. Rep. 221 ; *Walsh* v. *Durkin*, 12 Id. 99 ; *Bailey* v. *Edwards*, 3 Swanst. 703 ; *Weeks* v. *Pearson*, 5 N. H. Rep. 324.

The Circuit Court of the United States for the District of New Hampshire is, *quo ad* the superior court of judicature and the Court of Common Pleas of the county of Rockingham, a court of foreign jurisdiction. *Buckner* v. *Finley*, 2 Peters, 586 – 590, 591 ; *Phœnix Bank* v. *Hussey*, 12 Pick. 483 ; *Carter* v. *Burley*, 9 N. H. Rep. 558 ; *Mahurin* v. *Bickford*, 6 N. H. Rep. 667 ; *Robinson* v. *Prescott*, 4 N. H. Rep. 450 ; *Whittier* v. *Wendell*, 7 N. H. Rep. 257 ; *Rangely* v. *Webster*, 11 N. H. Rep. 299 ; *Thurber* v. *Blackburn*, 1 N. H. Rep. 242 ; Jacob's Dictionary, tit. Jurisdiction ; *United States* v. *Arredondo*, 6 Peters, 709 ; Vattel's Law of Nations, B. 2, ch. 7, § 84 ; *McKim* v. *Voothies*, 7 Cranch, 279 ; *United States* v. *Judge Peters*, 5 Id. 115 ; *Diggs* v. *Wolcott*, 4 Id. 179 ; *Wayman* v. *Southard*, 10 Wheat. 1 ; *Steamboat Orleans* v. *Forsyth*, 11 Peters, 175 ; *Baldwin* v. *Hale*, 12 Johns. Rep. 272.

The plea is bad, because the jurisdiction of the Court is not shown by the pleas. *Newell* v. *Newton*, 10 Pick. 470 ; 1 Chitty on Pl. 445 ; *Catlett* v. *Pacific Ins. Co.* 1 Paine, 594 ; *Wood* v. *Mann*, 1 Sumner, 578.

The plea is bad for want of an affidavit. Stat. 4 Anne, ch. 16, § 11 ; *Mayo* v. *Wilson*, 1 N. H. Rep. 58 ; *State* v. *Rollins*, 8 N. H. Rep. 550.


*Wells*, for the defendants.

In our practice, pleas in abatement need not be verified by affidavit. The jurisdiction of the Circuit Court is sufficiently shown by the plea. 2 Greenl. Ev. 201 ; *Embree* v. *Hanna*, 5 Johns. 101.

The jurisdiction of the Circuit Court is not foreign. The States of this Union are not foreign to each other.

PERLEY, J.   The ground is taken for the plaintiff that, as to the courts and government of New Hampshire, the Circuit Court of the United States for this district, is to be regarded as a court of foreign jurisdiction; and for that reason an action pending in the Circuit Court of this district cannot be pleaded in abatement of a subsequent suit brought for the same cause in a court of this State.

The judiciary of the United States is a branch of the general government of this country established by the Constitution. The Circuit Court of the United States, within its territorial limit, and as to causes within its jurisdiction, cannot be regarded as a foreign court.   Its powers are not derived from any foreign government; its judgments operate directly to bind persons and property within this State; its process, mesne and final, is effectual to enforce its own orders and judgments.   The Circuit Court of another district has no authority within this State, and may be considered, territorially and for some purposes, as a foreign jurisdiction.

The Circuit Court, and the courts of this State, derive their powers from different sources, and for most, if not for all purposes, are independent of each other.   But in certain cases, they exercise concurrent jurisdiction.   The case, supposed by the plea in this action, is one of them.   The plaintiff had his election to pursue his remedy in the courts of this State, or resort to the concurrent jurisdiction of the Circuit Court.

The general rule of law forbids that a defendant should be harassed by two suits for the same cause at the same time.   In some cases, where the first suit, from defect of jurisdiction in the court, cannot give adequate remedy, a second action is allowed.

This case falls clearly within the reason of the general rule, which prohibits the second suit.   No ground has been suggested, and none occurs to us, for supposing that two suits, one in a State court, and the other in the Circuit Court for the same State, are less vexatious and oppressive to the defendants, than two suits in the same court.

On the other hand, the plaintiff fails to bring himself within the reason of the excepted cases, where a second action is allowed,

because the court in which the first was pending, cannot give complete remedy for want of jurisdiction over the person or property of the defendants.

Where the prior suit is in an inferior court of special and limited jurisdiction, incapable of affording the plaintiff the remedy which he needs, the prior will not abate the second, though both courts exercise their jurisdiction in the same country. *Sparry's case*, 5 Coke, 62 *a*.

But the fact that the court, in which the prior action is pending, is a subordinate jurisdiction, would seem to be no objection to the plea, provided the first action can give adequate and complete remedy. It has been decided in numerous cases that an action pending in a court whose jurisdiction is *territorially* foreign, cannot be pleaded in abatement. The reason of this rule would seem to be, not that the authority of the foreign court is questionable within the limits of its jurisdiction, but because the foreign court cannot enforce its orders and judgment beyond its own territory; and, on this account, the remedy of the plaintiff by his prior suit may be incomplete. The defendant may have property which ought to be applied to the payment of the same demand in both jurisdictions; or his property may be in one jurisdiction and his person in another; and suits for these and other reasons may be necessary in both *territorial* jurisdictions. It has accordingly been held, that a suit pending in the circuit court for another district cannot be pleaded in abatement of a suit in a State court. *Walsh* v. *Durkin*, 12 Johns. 99.

But in this case the plaintiff's remedy was as complete and effectual in the Circuit Court, as he could have in the courts of this State. The mesne process of that court gives security on the person and property of the defendant, at least as effectual as can be had by ours; the trial, if held, would be by jurors of this State; the judgment for the plaintiff would be final and conclusive, and could be executed by the process of that court throughout the State. The plaintiff, therefore, had no more necessity or excuse for his second suit, than he would have had if both had been in the same court. And it has accordingly been held that the judgment of the Circuit Court for the same State, is not to

be considered in the State courts as a foreign judgment. *Barney* v. *Patterson,* 6 Har. & Johns. 203.

We are of opinion, that the pendency of another action for the same cause, between the same parties, in the Circuit Court of the United States, is sufficient, if well pleaded, to abate a suit in the courts of this State, where the Circuit Court had jurisdiction of the prior cause.

No affidavit to the truth of matter pleaded in abatement is required in our practice. To obtain a continuance at the first term, the defendant must satisfy the court, by affidavit, that he has probable ground of defence, and this affidavit is supposed to furnish sufficient security against dilatory pleas, whether in abatement or in bar. 27th printed rule.

If an affidavit were necessary, it is, at least, doubtful whether want of it could be taken advantage of by demurrer. The affidavit is no part of the record. In the English practice, the plaintiff moves to reject the plea for want of an affidavit, or signs judgment, as if no plea had been made. 1 Tidd's Practice, 588; Com. Dig. Abatement, (I. 11.)

The plaintiff insists, that the plea does not sufficiently show that the Circuit Court had jurisdiction; and this exception, though it might have been taken in a different and broader form, is well founded, and fatal to the plea.

Where another action pending was pleaded, the ancient rule required that the identity of the cause of action, and of the parties, should appear to the court upon inspection of the record, to be tried *in pais.* An averment, was not admitted. If, from looseness in stating the cause of action since general pleading has come in use, the identity of the cause of action is not apparent by the record, it may be averred and proved, which would seem to be a relaxation of the rule requiring the identity of the cause of action to appear on inspection of the record. *Sparry's case,* 5 Coke, 62 *a*; Doctrina Placitandi, 12.

If both actions were pending in the same court, it was sufficient for the plea to state that the parties and cause of action were the same, and refer the court to their own record; and the trial in such case was by inspection of the record, and not by

proof *aliunde.* The plaintiff was entitled to oyer of the record remaining in the same court. *Theobalds* v. *Lang,* Ld. Raym. 847 ; *Cremer* v. *Wickett,* Ib. 550 ; *Bond* v. *Barnes,* 3 Ib. 77.

If the prior action was pending in another court, to furnish the means of determining the truth of the plea by inspection, the rule of pleading requires that the plea should set out the record in the prior action literally, *sub pede sigilli. Carwen* v. *Fletcher,* 1 Strange, 520 ; *Lord Petre* v. *The University of Cambridge,* 3 Levinz, 332.

A note to 2 Chitty's Pl. 460, without adverting to the distinction between cases, where both suits are in the same, and where they are in different courts, remarks, that pleas of another action pending, vary in point of form; sometimes setting out the declaration in the former suit, and sometimes not; from which it may be perhaps inferred that, in England, it is not now necessary to set out the record of the former suit, pending in another court, when that suit is pleaded in abatement of another for the same cause. However that may be, the ancient rule has been adopted, and, perhaps, somewhat extended in this State. There is here a well settled, and, so far as we are informed, an immemorial practice, which requires a defendant who, by plea in abatement, relies on the record or process of any court to set out or enroll, in, or with his plea, the record or process on which he relies. Even if the record is in the same court, as in case of a writ returned, he craves oyer and sets out the record. If it is process of the court not returnable, like the summons left with the defendant, when his goods are attached, he makes profert of the process, and enrolls it with his plea. Where he pleads the record of another court, he brings in a copy or exemplification, and enrolls it in like manner. In all these cases, the record or process enrolled becomes part of the plea. This practice is recognized in several reported cases. *Nelson* v. *Swett,* 4 N. H. Rep. 256 ; *Putney* v. *Cram,* 5 Ib. 175 ; *Tucker* v. *Perley,* 5 Ib. 345 ; *Stoddard* v. *Cockran,* 6 Ib. 160 ; *Knowles* v. *Rowell,* 8 Ib. 542 ; *Lyman* v. *Dodge,* 13 Ib. 197 ; *Judge* v. *Merrill,* 6 Ib. 256.

The plaintiff may show, by a true enrolment of the record, that

it is not correctly and exactly enrolled in the plea, and an incorrect enrolment, or the omission to enroll, is cause of demurrer.

It would seem that the practice in Connecticut requires the writ in the former suit to be set out when it is pleaded in abatement of a second suit. *Beach* v. *Norton*, 8 Conn. Rep. 71.

In this case, the defendant relies on the record of the suit in the Circuit Court. It is the allegation of facts in the writ that gives that court jurisdiction. Although the necessary facts existed, if they were not alleged in the writ, that court would not entertain the suit. *Wood* v. *Mann*, 1 Sumner, 578 ; *Wadleigh* v. *Vesie*, 3 Ib. 165 ; *Gordon* v. *Longest*, 16 Peters, 171.

Whether the record, in the Circuit Court, had sufficient allegations to give that court jurisdiction, is matter of law for the court to decide on examination of the record ; and averments in the plea are not sufficient, according to the rule of pleading which prevails in this State.

*Judgment for the plaintiff on the demurrer.*