[No. 1705.  Decided September 21, 1895.]

## E. E. CAINE et al., Respondents, v. SEATTLE & NORTH-ERN RAILWAY COMPANY, Appellant.

PLEADING — COUNTERCLAIM — ANOTHER ACTION PENDING.

Under §§ 189, 191, Code Proc., giving the defendant the right by demurrer, or answer, to raise the defense that there is another action pending between the same parties for the same cause, the objection may be interposed by the plaintiff to defendant's counterclaim, inasmuch as to such pleading the plaintiff occupies the position of a defendant.

The pendency of an action in rem in a court of the United States is no bar to another action between the same parties for the same cause in a state court.

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh,* for appellant.

The opinion of the court was delivered by

ANDERS, J.—Respondents, who were plaintiffs in the court below, filed a complaint alleging that between May 1, 1890, and June 1, 1890, they, at the special instance and request of the defendant, performed services with their steamer J. C. Britton in transporting certain steel rails, spikes and fish-plates from Seattle to Anacortes; that the reasonable value of said services was $665.42, no part of which sum has been paid; and demanding judgment for that sum and interest thereon from June 1, 1890.  The defendant filed its answer, consisting of denials and also a counterclaim alleging in substance, that plaintiffs had undertaken to transport a large quantity of steel rails and other material for defendant, subject to the usual obligations of a common carrier, and had lost such rails and material, and demanding judgment against plaintiffs for the

sum of $7,000, the value of the material alleged to have been lost. The plaintiffs demurred to this new matter, which demurrer, after argument, was overruled. Thereupon they filed their reply setting up an agreement with the defendant substantially as stated in defendant's counterclaim, and averring that the loss of said material was occasioned by unavoidable accident and the perils of the sea, and also that an action was pending in the district court of the United States for the Northern District of Washington, by said defendant as libellant against the steamer J. C. Britton, as respondent, and that plaintiffs in this action were the claimants of the J. C. Britton.

When the cause came on for trial a stipulation was entered into in open court by counsel for the respective parties whereby they waived a jury and consented that the cause should be tried before the court. The cause then proceeded to trial and thereupon plaintiffs objected to the consideration of the matter alleged in the answer of the defendant as an affirmative defense to plaintiffs' complaint, on the ground that at the time when said affirmative defense was filed in this cause there was, and still is, pending in the district court of the United States for the District of Washington, Northern Division, another action for the same cause set forth in said affirmative defense, which action is in admiralty and is numbered 78 on the docket of said court, and in which suit the defendant herein is libelant, said steamer J. C. Britton is respondent, and these plaintiffs are claimants; in which action the defendant is seeking to recover the value of the same cargo referred to in said affirmative defense, for the same reason and upon the same grounds alleged in said defense.

The defendant, by its attorney, conceded the facts in

said affirmative defense to be as alleged by plaintiffs in their objection, and thereupon the court sustained the objection of the plaintiffs and directed that the new matter set up in the defendant's answer should not be considered in this cause, on the ground of another action pending concerning the same matter in the district court of the United States. Thereupon defendant waived each and every of the denials contained in its answer and conceded in open court that but for the facts pleaded in its affirmative defense plaintiffs were entitled to judgment as prayed in the complaint, and defendant electing to stand upon its answer judgment was accordingly entered in favor of plaintiffs for the amount claimed in the complaint. From this judgment defendant prosecutes this appeal.

The Code of Procedure provides (§ 189) that the defendant may demur to the complaint when it shall appear upon the face thereof that there is another action pending between the same parties for the same cause; and that when the objection does not appear upon the face of the complaint it may be taken by answer (§ 191). Inasmuch as, by the terms of the statute, the *defendant* may interpose the objection of another action pending, the question is suggested whether the statute is applicable to a case of this character. We have no doubt that it is, and that the court was right in so assuming. This results from the fact that a counter-claim is in the nature of a cross-complaint, and must state a cause of action against the plaintiff (Code Proc. § 195). It follows, therefore, that as to a counter-claim the plaintiff is really a defendant.

The only remaining question to be determined on this appeal is whether the pendency of an action *in rem* in the district court of the United States for the

recovery of this same counter-claim is a valid objection to its being pleaded in this action. We are clearly of the opinion that it is not. The general rule on this question is laid down in Bliss on Code Pleading, (3d ed.) § 410, as follows:

"It was early held by the supreme court of New York that § 144 of the Code, in stating this ground of demurrer, did not change the law as before existing, and that a demurrer or answer, because another action is pending in the courts of the United States, or of another state, raises no valid objection to the pleading, and states no defense. The creditor may pursue the debtor or his property to judgment in different jurisdictions, but a 'satisfaction' in one may be pleaded in bar in all others."

See also : *Burrows v. Miller,* 5 How. Pr. 51; *Cook v. Litchfield,* 5 Sandf. 330; *DeArmond v. Bohn,* 12 Ind. 607; *Wadleigh v. Veazie,* 3 Sumn. 165; *Bowne v. Joy,* 9 Johns. 221; *Stanton v. Embrey,* 93 U. S. 548; *Hatch v. Spofford,* 22 Conn. 485 (58 Am. Dec. 433).

In the latter case the court says :

"'A plea in abatement to an action at law on the ground of a pendency of a bill in equity for the same matter, between the same parties, in another court, it is believed, has never been sustained in any court foreign or domestic.' There is very much in the peculiar nature and extent of the jurisdiction in these different courts to sustain this exception to the general rule. Besides, the rules of procedure and manner of execution in these courts are not alike. . . . But, if we are mistaken in this limitation of the general rule, there is another which is not less obvious, and decisive, viz., the suits must be pending in the same jurisdiction. This has long been the law in England."

To the same effect is *Insurance Co. v. Brune,* 96 U. S. 588.

Moreover, it seems that where the remedies are differ-

ent two actions for the same cause may be maintained concurrently, even in the same court. *The Normandie*, 40 Fed. 591. See, also *Wolf v. Cook*, 40 Fed. 432. *Providence, etc., Ins. Co. v. Wager*, 35 Fed. 364.

And in *Toby v. Brown*, 11 Ark. 308, it was held that a judgment *in rem* against a steamboat, if unsatisfied, cannot be pleaded as a bar in a subsequent action against the owners.

*Sloan v. McDowell*, 75 N. C. 29 was a case almost identical in point of fact with the one at bar. There the defendant had previously instituted an action in the circuit court of the United States for the Southern District of Georgia, based upon the same cause of action set up in his counterclaim in the suit then before the North Carolina court, and in respect thereto the court used the following language:

" The provision in C. C. P., § 95, allowing as cause for demurrer that there is another action pending between the same parties for the same cause, must be confined to the courts of the state, where the remedies are precisely the same; the object being to protect parties from vexation and the courts from multiplicity of suits. But in different states or governments the remedies are not the same, and there may be reasons why our courts should not take notice of proceedings outside of the state which would not be applicable to our own courts."

In view of these authorities and many others which might be cited, we have no hesitation in saying that the learned trial court erred in its ruling on the objection interposed by plaintiffs.

The judgment is therefore reversed and the cause remanded with directions to overrule the objection to defendant's counterclaim.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.