J. H. MARSH, Administrator of M. Faulk, v. R. M. NIMOCKS et al.

(Decided April 19, 1898).

*Action Against Bidder at Judicial Sale—Judicial Sale
—Raising Bids—Default of Purchaser—Deficiency.*

1. The Court ordering a judicial sale of lands has all the powers neces-
   sary to accomplish its purpose, and when relief can be had in the
   pending action it must be sought by a motion in the cause, and
   not by an independent action.

2. An independent action will not lie against a defaulting bidder at a
   judicial sale for the amount of his bid, or against one who has
   raised the bid at a sale for the deficiency between the original bid
   and the price bid and approved on a resale, unless the action in
   which the sale was made has been closed by final judgment. The
   remedy against the defaulting bidder is by motion in the cause.

3. Where a judicial sale has been set aside and a resale ordered, on an
   offer of 10 per cent. advance on the amount bid, the commissioner
   should start the resale at the advanced bid, and, in default of other
   bids, should declare the person making the advanced bid to be the
   purchaser at such price and, on the latter's failure to comply with
   the purchase, a motion should be made, on notice, in the pending
   action, for him to show cause why judgment should not be ren-
   dered against him.

CIVIL ACTION brought before a Justice of the Peace to
recover $186.65, and heard, on appeal, before *Coble, J.*, at
April Term, 1897, of CUMBERLAND Superior Court. By
consent, his Honor found the facts and upon them ren-
dered judgment for the defendants, and plaintiff ap-
pealed.

*Messrs. G. M. Rose, H. L. Cook* and *N. A. Sinclair,*
for plaintiff (appellant).
*Mr. H. McD. Robinson* for defendant.

FAIRCLOTH, C. J.: The plaintiff, under an order of Court, sold several lots of land for assets to several parties, and reported the sale. The defendants, in apt time, offered to raise the bid 10 per cent. on certain lots and 11½ per cent. on other lots. The Clerk ordered the lots to be resold, except the Magnolia building, at which the defendants failed to attend, and the lots were sold to other persons, and the sale was confirmed. The difference between the price bid at the second sale and the price at the first sale, plus the increased bid offered by the defendants, was $186.65, and to recover this difference this action was instituted.

The action must be dismissed. In a proceeding to sell land for assets the court of equity has all the powers necessary to accomplish its purpose, and when relief can be given in the pending action it must be done by a motion in the cause and not by an independent action. The latter is allowed only where the matter has been closed by a final judgment. If the purchaser fails to comply with his bid, the remedy is by motion in the cause to show cause, etc., and if this mode be not pursued, and a new action is brought, the court *ex mero motu* will dismiss it. This course is adopted to avoid the multiplicity of suits, avoid delay, and save costs. *Hudson* v. *Coble*, 97 N. C., 260; *Petillo ex parte*, 80 N. C., 50; *Mason* v. *Miles*, 63 N. C., 564, and numerous cases cited in them.

The offer, then, was a standing bid at the second sale. We have adopted the English rule of practice in such matters. At the second sale the plaintiff should have started the bidding at the amount of the price bid at the first sale with the per centage offered by the defendants added, and if no other bid was made, he should have declared the defendants as the best bidders and pur-

chasers, subject to confirmation, and made his report to the court accordingly.

On failure of the defendants to comply with such bid, the practice is by motion in the pending action, upon notice to the defendants to show cause why judgment should not be entered as the Court may deem proper, when the defendants have an opportunity to excuse their non-compliance, if they are able to do so. *Pritchard* v. *Askew*, 80 N. C., 86; *Attorney General* v. *Navigation Company*, 86 N. C., 408. Many of the decisions regulating judicial sales will be found collected in *Trull* v. *Rice*, 92 N. C., 572; *Vaughan* v. *Gooch*, Ibid 524.

Action dismissed.