C. W. GILLIAM, TRUSTEE IN BANKRUPTCY OF JENNINGS MANUFACTURING COMPANY, BANKRUPT, v. T. B. SANDERS.

(Filed 30 April, 1930.)

**1. Judicial Sales A d; Bankruptcy C d—Court ordering sale has jurisdiction of action for damages for failure to comply with bid.**

In proceedings in bankruptcy, the United States District Court has jurisdiction to determine all matters relating to its order for the sale of the bankrupt's property to make assets for distribution among creditors, and pending a case in bankruptcy, one who bids in at the sale is regarded as a party to the extent of making him comply with the terms of the bid, and the remedy to recover damages for his failure to comply with his bid is by motion in the original cause.

**3. Abatement and Revival B b—Remedy to recover for failure to comply with bid is by motion in cause, and separate action will be dismissed.**

Where one has become the last and highest bidder at a sale of the property of a bankrupt under an order of the United States District Court, and fails or refuses to comply with his bid, and the property is resold for an amount less than the original bid, the remedy to recover for the failure to comply with the bid is by a motion in the original cause, and the trustee's action brought therefor in the State court will be dismissed.

APPEAL by plaintiff from *Johnson, Special Judge,* at September Special Term, 1929, of DAVIDSON. Affirmed.

On 4 November, 1927, the Jennings Manufacturing Company, a corporation having its principal office in the town of Thomasville, N. C., was duly adjudged a bankrupt by the District Court of the United States for the Middle District of North Carolina. The plaintiff in this action was thereafter duly appointed trustee of said bankrupt.

Pursuant to an order duly made in said bankruptcy proceeding, on 2 March, 1928, plaintiff offered for sale certain property, both real and personal, belonging to the estate of said bankrupt; the last and highest

bid for said property at said sale was the sum of $25,000. On 13 March, 1928, the said bid was raised by the defendant in this action, who offered to bid the sum of $26,250 for said property, if a resale of the same should be ordered by the court. To secure his bid, if a resale should be ordered, defendant deposited with plaintiff the sum of $1,250.

Upon the report of said sale and of said raised bid to the court, the sale was not confirmed, and the plaintiff was authorized and directed to resell said property, in accordance with the request of defendant. Pursuant to the order of resale, the plaintiff offered said property for sale on 21 March, 1928, when the defendant was declared the last and highest bidder for same in the sum of $26,250. Upon report of this sale to the court, the same was duly confirmed. The plaintiff was ordered and directed to convey said property to the defendant, upon his compliance with his bid.

Thereafter, the plaintiff tendered to the defendant a deed conveying to him the said property. The defendant failed to comply with his bid, and to pay to the plaintiff the sum of $26,250, in accordance therewith. Thereupon, the plaintiff reported to the court the default of the defendant as the purchaser of the property. The court then ordered the plaintiff to notify the defendant that because of his failure to comply with his bid, the property would again be offered for sale, and that if at the resale the highest bid for the same was less than the amount of defendant's bid, the defendant would be required to pay to the plaintiff the deficiency. Pursuant to this order, the plaintiff offered the property for sale on 14 July, 1928, when the last and highest bid for the same was $20,500. This sale was reported to the court, and after notice to the defendant, the same was duly confirmed. The property was thereafter conveyed to the purchaser, who had duly complied with this bid.

The deficiency between the amount of defendant's bid for the property, to wit: $26,250, and the amount for which the property was sold and conveyed, after defendant's default, to wit, $20,500, less the sum of $1,250, the amount deposited by defendant with plaintiff to secure his bid, is $4,500. Plaintiff has been authorized by an order made in the bankruptcy proceeding to sue the defendant to recover this sum. The bankruptcy proceeding is still pending in the District Court of the United States for the Middle District of North Carolina.

This action was begun by plaintiff in the Superior Court of Davidson County, on 29 September, 1929, to recover of the defendant the sum of $4,500, the amount of the deficiency between his bid for the property, and the amount for which the property was sold after his failure to comply with his bid, less the sum of $1,250.

At the close of the evidence for the plaintiff, tending to show the facts as above stated, defendant moved for judgment as of nonsuit. The

court being of opinion that upon the facts disclosed by the evidence, plaintiff is not entitled to recover, rendered judgment dismissing the action.

From the judgment dismissing the action, plaintiff appealed to the Supreme Court.

*P. V. Critcher, Martin & Brinkley and H. R. Kyser for plaintiff.*
*No counsel for defendant.*

CONNOR, J. The trial court was of opinion that upon the facts disclosed by the evidence for the plaintiff, and admitted by defendant's motion for judgment as of nonsuit, the plaintiff cannot maintain this action; that plaintiff's remedy upon these facts is not by an independent action brought in the Superior Court of this State, but by a motion in the bankruptcy proceeding now pending in the District Court of the United States for the Middle District of North Carolina. In accordance with this opinion, judgment was rendered dismissing the action. Plaintiff excepted to the judgment, and on his appeal to this Court contends that there was error in the opinion of the court, in accordance with which the judgment was rendered. This contention cannot be sustained. The judgment dismissing the action is in accord with the decision of this Court in *Marsh v. Nimocks,* 122 N. C., 478, 29 S. E., 840. In the opinion in that case it is said:

"In a proceeding to sell land for assets the court of equity has all the powers necessary to accomplish its purpose, and when relief can be given in the pending action, it must be done by a motion in the cause and not by an independent action. The latter is allowed only when the matter has been closed by a final judgment. If the purchaser fails to comply with his bid, the remedy is by motion in the cause to show cause, etc., and if this mode be not pursued, and a new action is brought, the court *ex mero motu* will dismiss it. This course is adopted to avoid multiplicity of suits, avoid delay and save costs. *Hudson v. Coble,* 97 N. C., 260, *Pettillo, ex parte,* 80 N. C., 50; *Mason v. Miles,* 63 N. C., 564, and numerous cases cited in them."

Plaintiff's contention that he cannot be given the relief to which he is entitled upon the facts disclosed by the evidence, by the District Court of the United States, in which the bankruptcy proceeding is now pending, and that, therefore, he can maintain this action in the Superior Court of this State, cannot be sustained. The District Court acquired jurisdiction of the defendant for the purpose of enforcing compliance with his bid, when his bid was accepted and the sale to him was confirmed. *Wooten v. Cunningham,* 171 N. C., 123, 88 S. E., 1. In the exercise of its statutory jurisdiction as a court of bankruptcy, the Dis-

trict Court of the United States has jurisdiction "to cause the estates of bankrupts to be collected, reduced to money and distributed, and to determine controversies in relation thereto, except as herein otherwise provided," and also "to make such orders, issue such process and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title." U. S. C. A., Title 11, section 11, clauses 7 and 15.

"It is well settled that a court of equity has jurisdiction to compel a purchaser at a judicial sale under its decree to complete his purchase according to the terms of the sale. By bidding at the sale, and having his bid accepted, and the property knocked off to him, he subjects himself to the jurisdiction of the court, and becomes a party to the proceedings in which the sale was had and can be compelled by summary proceedings at the suit of any one interested to perform his contract of purchase specifically, by paying the purchase money into court, in whole or in part, and to execute the required securities, as required by the prior decree, and conform to its terms in all other respects." 16 R. C. L., p. 163, sec. 120.

"Where the purchaser at a judicial sale refuses to comply with his bid, the court in which the sale was had will enforce his liability by ordering the property resold at his cost and risk, and charging him with the deficiency between the amount obtained at the resale and the amount of his original bid, and with the expense of the sale. This summary proceeding against a default purchaser to obtain an order of resale at his risk is grounded upon the equitable lien held and controlled by the court as vendor of the property for the benefit of those interested in the proceeds of the sale." 16 R. C. L., p. 167, sec. 122.

Upon the facts disclosed by the evidence for the plaintiff at the trial in the Superior Court, there was no error in the judgment dismissing the action. The judgment is

Affirmed.