JOSEPH M. EWAYS, PLAINTIFF v. GOVERNOR'S ISLAND, A NORTH CAROLINA LIMITED PARTNERSHIP AND ALLEN DUKES-JONES ISLAND PARTNERSHIP, DEFENDANTS v. J. L. TODD AUCTION CO., INTERVENOR DEFENDANT

No. 389PA89

(Filed 10 May 1990)

1. **Appeal and Error § 443 (NCI4th)— correct result not disturbed on appeal**

    Where a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision.

    **Am Jur 2d, Appeal and Error § 727.**

EWAYS v. GOVERNOR'S ISLAND

[326 N.C. 552 (1990)]

2. **Abatement, Survival, and Revival of Actions § 9 (NCI4th)—**
   **intervention by third party—effect on plea in abatement**

   The intervention of a third party after a motion to dismiss
   had been filed could not defeat a plea in abatement on the
   theory that the parties were no longer the same.

   **Am Jur 2d, Abatement, Survival, and Revival § 20.**

3. **Abatement, Survival, and Revival of Actions § 3 (NCI4th)—**
   **plea in abatement—prior action pending in federal court**

   A prior action pending in a federal court within the ter-
   ritorial limits of the state constitutes a ground for abatement
   of a subsequent state action involving substantially similar
   issues and parties.

   **Am Jur 2d, Abatement, Survival, and Revival § 18.**

ON plaintiff's petition for discretionary review of the decision
of the Court of Appeals, 95 N.C. App. 201, 382 S.E.2d 219 (1989),
affirming the order of dismissal entered by *Small, J.,* in the Superior
Court, PAMLICO County, on 28 June 1988. Heard in the Supreme
Court 12 March 1990.

*Henderson, Baxter & Alford, P.A., by B. Hunt Baxter, Jr.,*
*for plaintiff-appellant.*

*Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell, by John*
*R. Wallace; Adams, McCullough & Beard, by Douglas Q. Wickham,*
*for defendant-appellees; and Ward and Smith, P.A., by Michael*
*P. Flanagan, for intervenor defendant-appellee.*

MARTIN, Justice.

[1] Plaintiff challenges the trial court's dismissal of the suit he
instituted to recover a security deposit held in escrow by order
of the United States Bankruptcy Court for the Eastern District
of North Carolina pursuant to a bid he had made to purchase
property owned by the defendant Governor's Island. In response
to defendants' motion to dismiss, the trial court concluded as a
matter of law that it lacked subject matter jurisdiction to hear
the action and dismissed the suit. Relying on *Gilliam v. Sanders,*
198 N.C. 635, 152 S.E. 888 (1930), the Court of Appeals unanimously
affirmed. We agree with this result and hold that the trial court
was correct in dismissing the action. In reaching this conclusion,

however, we base our reasoning not on a lack of subject matter jurisdiction, but rather on the doctrine of prior action pending. Under that doctrine, since there is a prior action still pending appeal in the federal district court sitting within the territorial limits of this state on the same matter between the same parties, the present action is necessarily abated and the suit was properly dismissed. Where a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision. *Shore v. Brown*, 324 N.C. 427, 378 S.E.2d 778 (1989); *Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E.2d 411 (1958); *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E.2d 673 (1956).

In 1983, defendant Governor's Island, a limited partnership, filed a petition under Chapter 11 of the United States Bankruptcy Code in the U. S. Bankruptcy Court for the Eastern District of North Carolina. Defendant Allen Dukes-Jones Island Partnership similarly filed a petition under Chapter 11 with the U.S. Bankruptcy Court for the Middle District of Georgia during that same year. Both defendants owned a property interest in an island located in Pamlico County known as Governor's Island or Jones Island. As part of the bankruptcy proceeding in North Carolina, the U.S. Bankruptcy Court ordered defendant Governor's Island to aggressively market the island for sale.

Pursuant to that order, intervenor defendant J. L. Todd Auction Company was selected to conduct a public auction of the property. After placing advertisements in local and national newspapers regarding the sale of the island and distributing sales brochures to interested parties, the auction company conducted the sale in New Bern on 14 January 1984. Just prior to the sale, it was announced that the real property was being sold subject to the rights of third parties who owned fifty percent of the oil and natural gas rights. Defendants contend that it was further announced that a fifteen acre tract belonging to a third party would not be included in the sale and that any part of the island located under navigable waters could not be sold. Although these exceptions were not included in the newspaper advertisements nor in the sales brochure distributed prior to the auction itself, the brochure did warn that any announcement made from the auction stand would take precedence over any printed matter in the brochure.

**EWAYS v. GOVERNOR'S ISLAND**

[326 N.C. 552 (1990)]

Plaintiff, who was 84 years old at the time of the auction, is an oriental rug merchant and real estate entrepreneur residing in Tampa, Florida. According to his testimony before Bankruptcy Judge Thomas Small, Mr. Eways arrived late in New Bern on the morning of the sale due to car trouble and never heard the announcements which defendants claim were made. He had not contacted an attorney nor did he inspect the property or have a title search conducted prior to the auction. Instead, he relied solely on the information contained in the newspaper advertisements and sales brochure regarding the sale. In those publications, J. L. Todd Auction Company had represented that the entire island would be sold and that the approximate total acreage on the island was 4,800 acres. The brochure also asserted that there was an estimated eight million board feet of pine timber on the island. No mention was made of the limitation on title as to mineral rights, nor that a large part of the island was nontransferable marshland, nor that a third party owned approximately fifteen acres of the island that would not be sold. At the conclusion of the public sale, plaintiff was the high bidder, having offered $1,960,000.00 for the property which he understood to include the entire island and all mineral rights therein, and to encompass approximately 4,800 acres of heavily wooded land suitable for development.

Plaintiff was required by the terms of the sale to deposit 15% of the sales price ($294,000.00) in escrow pending closing, which was to occur within 30 days of the auction. Plaintiff in fact deposited only $184,000.00 with the auction company and that amount was only deposited after his initial checks were returned to the sellers unpaid by plaintiff's bank. Plaintiff claims the parties had agreed to hold the checks until he could transfer funds to the appropriate accounts, but defendants deny that such an agreement had ever been reached. After the sale was confirmed by the bankruptcy court, plaintiff notified defendants that he would be unable to close on the property. He contended that the problem with the marshlands and mineral rights prevented him from obtaining proper financing. When the closing did not occur as scheduled, defendant Governor's Island filed an application with the bankruptcy court to order forfeiture of the security deposit. At a hearing on that application, the bankruptcy court concluded that plaintiff had breached his obligation to purchase the property, but nonetheless extended additional time to allow plaintiff to close. The additional deadline was missed as well, and the property was eventually sold at public

auction to another purchaser for $1,100,000.00, which is $860,000.00 less than the figure bid by plaintiff at the first auction.

Following the second sale, defendants Governor's Island and Allen Dukes-Jones Island instituted an adversary proceeding in the bankruptcy court seeking reimbursement of the $860,000.00 shortfall, plus costs. In response to defendants' complaint in this adversary proceeding, Mr. Eways filed an answer and counterclaim which alleged breach of contract for failure to convey marketable title and for fraud, the same allegations raised by Mr. Eways in the present state action. The bankruptcy court conducted a hearing on 16 March 1985 and entered judgment against plaintiff for $294,000.00, the amount of the 15% security deposit. Plaintiff and defendants both appealed to the United States District Court for the Eastern District of North Carolina, which is authorized under Chapter 11 to hear appeals of decisions from the bankruptcy court. The Honorable James C. Fox of the U.S. District Court elected to abstain from ruling on the appeal, preferring to allow the parties time to bring an action in state court. The federal district court reasoned that plaintiff raised tort, contract, and property law questions regarding the marketability of the title to the property which, in the interests of comity, should properly be decided in state court. In the abstention order, the federal district court judge reserved the right to resolve the issues upon petition of the parties in the event that relief could not be obtained in a state proceeding.

Pursuant to the district court's abstention order, plaintiff filed the present action in November of 1985 requesting a return of his escrow deposit on one of two grounds. He first contends that he is entitled to a return of the deposit because of the failure of defendants to convey good and marketable title as required under the contract of sale. His second contention is that defendants, by and through their agent, J. L. Todd Auction Company, fraudulently misrepresented their ownership interest of the island and failed to disclose defects in the title. On 5 February 1986, defendants moved for dismissal on the grounds of (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) failure to state a claim upon which relief could be granted, and (4) abatement due to the prior pending action. Defendants also filed an answer and counterclaim, alleging among other things the affirmative defenses of waiver, estoppel, contributory negligence, assumption of risk, and res judicata. They counterclaimed on charges of breach of contract for failure to properly close on the property and unfair

and deceptive trade practices concerning plaintiff's failure to prop-
erly deposit a full 15% of the sales price as earnest money. After
examining the procedural history of the case, including the absten-
tion order of the U.S. District Court and the memorandum opinion
of the bankruptcy judge, the trial court on 28 June 1988 allowed
defendants' motion to dismiss this action based on the court's con-
clusion that it lacked subject matter jurisdiction as a matter of
law. This judgment was affirmed by the Court of Appeals, 95 N.C.
App. 201, 382 S.E.2d 219 (1989). In so ruling, neither court ad-
dressed defendants' assertion set forth in their motion to dismiss
that the prior pending action should abate the present suit.

Although plaintiff contends that the state trial court was free
to hear this action once Judge Fox had exercised his statutory
power to abstain, the Court of Appeals held that the rule set
out by this Court in *Gilliam v. Sanders*, 198 N.C. 635, 152 S.E.
888, compels a contrary result. In that case, the plaintiff was a
trustee in bankruptcy who filed suit in state court against the
defendant who had failed to close on property despite the fact
that he had offered the high bid at the public sale of the property.
This Court held that the trial court was correct to dismiss plaintiff's
suit on the grounds that the claim should have been brought in
bankruptcy court where the underlying matter was still pending.
The Court expressed the opinion that where the purchaser in a
bankruptcy sale fails to comply with his bid, a claim for relief
should be brought " 'by a motion in the cause to show cause and
not by an independent action.' " *Id.* at 638, 152 S.E. at 890 (quoting
*Marsh v. Nimocks*, 122 N.C. 478, 479, 29 S.E. 840, 840 (1898)).
Moreover, " 'if this mode be not pursued, and a new action is
brought, the court *ex mero motu* will dismiss it. This course is
adopted to avoid multiplicity of suits, avoid delay and save costs.' "
*Id.* (quoting *Marsh v. Nimocks*, 122 N.C. at 479, 29 S.E. at 840).

Plaintiff argues that *Gilliam* is no longer good law because
it was decided prior to the passage of the abstention statutes
which authorize federal judges to abstain from deciding matters
relating to bankruptcy sales if in their discretion it is proper to
do so. *See* 28 U.S.C. § 1334(c)(1) and its predecessor, 28 U.S.C.
§ 1471(d). The Court of Appeals, however, found that the fact that
the federal judge abstains from hearing a case "cannot confer sub-
ject matter jurisdiction upon a state court where the highest court
of this State has ruled that no such state court jurisdiction exists."
*Eways v. Governor's Island*, 95 N.C. App. at 203, 382 S.E.2d at

220. Furthermore, turning to the rationale upon which the *Gilliam* decision is based, the Court of Appeals found that "[t]he policy expressed in *Gilliam* is that of keeping all proceedings related to the bankrupt's property within the equity jurisdiction of the District Court to avoid multiplicious suits, costs, and needless delay." *Id.* at 204, 382 S.E.2d at 220.

We agree with the Court of Appeals' analysis of the underlying rationale for the holding in *Gilliam* and find that the language and intent of that decision is consistent with the legal theory of abatement due to a prior action pending. Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action. *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E.2d 860 (1952); *Cameron v. Cameron*, 235 N.C. 82, 68 S.E.2d 796 (1952). Moreover, where the prior action has been adjudicated by the trial court but is pending appeal it will continue to abate a subsequent action between the parties on substantially identical subject matter and issues. *Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 387 S.E.2d 168 (1990); *Shore v. Brown*, 324 N.C. 427, 378 S.E.2d 778.

[2] We find that the parties, legal issues, and subject matter in the case before us are substantially similar to those raised in the prior adversary proceeding still pending appeal in the U.S. District Court for the Eastern District of North Carolina. Examining the similarity of parties first, we note that in the Chapter 11 adversary proceeding, Governor's Island and Allen Dukes-Jones Island brought suit against Mr. Eways seeking damages for his failure to close on his contract to purchase the property in question. In his counterclaim, Mr. Eways alleged that he was not obligated to purchase the island because the sellers had breached their end of the bargain by failing to tender marketable title and by fraudulently misrepresenting the nature of the property prior to sale. The same parties are the adversaries in the present state action with Mr. Eways, who is the defendant in the prior action, in the role of plaintiff and Governor's Island and Allen Dukes-Jones Island, plaintiffs in the prior action, as the defendants in this action. On 26 January 1988, almost two years after defendants' motion to dismiss was filed, J. L. Todd Auction Co. was permitted to intervene as an additional defendant on the grounds that as the selling agent it may be entitled to some or all of the deposit money

in controversy. The intervention of the auction company after the motion to dismiss had been filed cannot defeat the plea of abatement on the theory that the parties are no longer the same. We find that the parties to the original suit are the same for purposes of abatement, but note that the J. L. Todd Auction Co. may move to intervene in the prior pending action.

Turning to the subject matter and legal issues involved, clearly both cases arise from the circumstances leading up to and including the sale of the island as ordered by the bankruptcy court and are based on substantially the same allegations and legal theories. We find that the basis of Mr. Eways' complaint in this state action is his assertion that he is entitled to a return of his deposit money because the defendants have failed to produce a marketable title and because they fraudulently misrepresented the property for sale. These are the same legal theories put forth by Mr. Eways in his counterclaim to the suit filed by the defendants in the original adversary proceeding. Thus, it can be seen that in both cases the nature of Mr. Eways' cause of action is avoidance of contract based on allegations of fraud, misrepresentation, and breach of contract.

[3] Because the parties and subject matter of the two suits are substantially similar, the first action will abate the subsequent action if the prior action is determined to be pending in a court within the state having like jurisdiction. Clearly, if these suits both had been filed in state court, the prior pending action would serve to abate the subsequent action. Therefore, the sole question remaining is whether a different result should be reached because the prior action in this case is pending in a federal district court within the state rather than in another court within our own state system.

We recognize that "[a]s a general rule, the pendency in a federal court of a personal or transitory action, although between the same parties and for the same cause of action or relief, is not ground for abating a subsequent action in a state court." 1 C.J.S. *Abatement and Revival* § 53 (1985). *See also* 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 18 (1962) ("Generally speaking, the federal and state courts that have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties, and the pendency of a personal action in either a state or a federal court does not entitle the defendant to abatement of a like action in the other."). However, where the prior action is pending in

EWAYS v. GOVERNOR'S ISLAND

[326 N.C. 552 (1990)]

a federal court which is sitting in the same state where the subsequent state action has been filed, there is a conflict among the jurisdictions which have considered the question regarding whether the prior pending federal action will abate the subsequent state action under those circumstances. 1 C.J.S. *Abatement and Revival* § 53 (1985); Annotation, *Stay of Civil Proceedings Pending Determination of Action in Federal Court in Same State*, 56 A.L.R. 2d 335 (1957). The majority rule appears to be that the federal court constitutes a separate jurisdiction for purposes of abatement, *e.g., State ex rel. Dos Anigos, Inc. v. Lehman, et al.*, 100 Fla. 1313, 131 So. 533 (1930); *Inter-Southern Life Ins. Co. v. McQuarie*, 148 Ga. 233, 96 S.E. 424 (1918); *Wurtz, Austin & McVeigh v. Hart*, 13 Iowa 515 (1862); *State v. Jefferson Island Salt Mining Co.*, 183 La. 304, 163 So. 145, *cert. denied*, 297 U.S. 716, 80 L. Ed. 1001 (1935); *Streckfus Steamers, Inc. v. Kiersky*, 174 Miss. 125, 163 So. 830 (1935); *General Investment Co. v. Interborough R. T. Co.*, 200 A.D. 794, 193 N.Y.S. 903, *aff'd*, 235 N.Y. 133, 139 N.E. 216 (1922); *Hubbs v. Nichols*, 201 Tenn. 304, 298 S.W.2d 801 (1956); *I. & G. N. Ry. Co. v. Barton*, 24 Tex. Civ. App. 122, 57 S.W. 292 (1900); *Caine v. Seattle & Northern Ry. Co.*, 12 Wash. 596, 41 P. 904 (1895). However, a minority of courts maintain that where the prior pending action is in a federal court sitting in the same state as the subsequent state action, the second action is abated. *See, e.g., Interstate Chemical Corporation v. Home Guano Co.*, 199 Ala. 583, 75 So. 166 (1917); *Wilson v. Milliken*, 103 Ky. 165, 44 S.W. 660 (1898); *Smith v. Atlantic Mutual Fire Insurance Company*, 22 N.H. 21 (1850). We conclude that the minority rule is the better reasoned authority.

In *Sloan v. McDowell*, 75 N.C. 29 (1876), this Court held that where a prior action was pending in a federal court in the State of Georgia, a subsequent action raising the same issues between the same parties in the state courts of North Carolina was not abated by the prior action. By contrast, the question before the Court today is whether this state considers a prior action pending in a federal court located within this state to be grounds for abating a subsequent action between the same parties on the same grounds in a North Carolina state court. In examining this question, we find the reasoning in *Gilliam* persuasive. Where a prior action is pending in a federal court within the boundaries of North Carolina which raises substantially the same issues between substantially the same parties as a subsequent action within the state court

system having concurrent jurisdiction, the subsequent action is wholly unnecessary and, in the interests of judicial economy, should be subject to a plea in abatement. We cannot conceive of any rational reason why the rule should be different simply because the prior case is pending in a federal court in North Carolina rather than a state court. All of the reasons for abatement exist whether the prior action is pending in the state or federal court. Thus, we hold that a prior action pending in a federal court within the territorial limits of the state constitutes grounds for abatement of a subsequent state action on substantially similar grounds between the same parties.

In his brief to this Court, plaintiff also asks that we examine the propriety of the trial court's failure to grant partial summary judgment in his favor. Our decision today affirms the trial court's dismissal of plaintiff's case in the state court, and hence it is unnecessary to reach plaintiff's final contention regarding his summary judgment motion. The decision of the Court of Appeals is

Affirmed.