Signalife, Inc. v. Rubbermaid, Inc., 2008 NCBC 3

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 07 CVS 1346 |

SIGNALIFE, INC.,

                Plaintiff,

    v.

RUBBERMAID, INC., NEWELL
RUBBERMAID, INC., GARY SCOTT,
and DAVID HICKS,

                Defendants.

                        ORDER AND OPINION

*Hamilton Moon Stephens Steele & Martin, PLLC by Mark R. Kutny and Jackson N. Steele for Plaintiff Signalife, Inc.*

*Squire, Sanders & Dempsey L.L.P. by Damond R. Mace and Andrew Kruppa and Helms Mulliss & Wicker, PLLC by Douglas W. Ey, Jr. and Robert Muckenfuss for Defendants Rubbermaid, Inc., Newell Rubbermaid, Inc., Gary Scott and David Hicks*

Diaz, Judge.

{1}    Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint under the "prior action pending" doctrine. After considering the Court file, the briefs of the parties, and the arguments of counsel, the Court **GRANTS** the Motion.

I.

FACTS

{2}    Signalife, Inc., ("Signalife") is a medical device company based in Greenville, South Carolina. (Am. Compl. ¶¶ 1, 6.) Among the products it has developed is an electrocardiograph monitoring device called the "Fidelity 100." (Am. Compl. ¶ 6.)

{3}     Rubbermaid, Inc. ("Rubbermaid") is an Ohio corporation with its principal place of business in Huntersville, North Carolina.  (Am. Compl. ¶ 2.)

{4}     This case revolves around a Sales and Marketing Services Agreement (the "Agreement") executed on or about 26 March 2006 between Signalife and Rubbermaid.

{5}     Pursuant to the Agreement, Rubbermaid became the exclusive sales and marketing service provider with respect to the Fidelity 100.  (Am. Compl. ¶ 7.)

{6}     A dispute subsequently arose regarding the parties' respective obligations under the Agreement.  The parties attempted to settle their dispute before resorting to litigation.  In connection with their settlement negotiations, the parties agreed not to file suit before 24 January 2007.

{7}     At approximately 12:25 a.m. on 24 January 2007, Rubbermaid gave notice of termination of the Agreement, electronically filed a lawsuit against Signalife in the U.S. District Court for the Western District of North Carolina (the "Federal Court Action"), and provided Signalife (via facsimile) with a courtesy copy of its complaint.

{8}     At approximately 9:01 a.m. that same day (one minute after the courthouse opened for business), Signalife filed its own lawsuit in Mecklenburg County Superior Court (the "State Court Action"), naming as Defendants Rubbermaid, Inc.; its parent company Newell Rubbermaid, Inc.; and two Rubbermaid employees (Gary Scott and David Hicks) (collectively the "Rubbermaid Defendants").

{9}     On 29 January 2007, Signalife moved to dismiss and/or stay the Federal Court Action.  In support of that motion, Signalife told the federal court that "there is no question that the state proceedings involve substantially the same parties and issues as [the Federal Court Action]."  (Defs. Reply Supp. Mot. Dismiss Am. Compl. 5, Ex. 3.)

{10}    On 2 February 2007, the Rubbermaid Defendants removed the State Court Action to the U.S. District Court for the Western District of North Carolina (the "Federal Court").

{11}   On 20 September 2007, the Federal Court remanded the State Court Action to the Mecklenburg County Superior Court.

{12}   On 24 September 2007, the U.S. Magistrate Judge presiding over the Federal Court Action granted Signalife's motion to stay in favor of the State Court Action.

{13}   Rubbermaid thereafter objected to the Magistrate Judge's determination to stay the Federal Court Action.

{14}   On 25 October 2007, the Rubbermaid Defendants moved to dismiss the Complaint in the State Court Action.

{15}   On 28 November 2007, Signalife amended its Complaint in the State Court Action.

{16}   On 30 November 2007, the State Court Action was designated as an exceptional case and assigned to me.

{17}   On 20 December 2007, the Rubbermaid Defendants moved to dismiss the Amended Complaint in the State Court Action.

{18}   On 28 December 2007, U.S. District Judge Robert J. Conrad, Jr., reversed the Magistrate Judge's order staying the Federal Court Action.

{19}   On 14 January 2008, Signalife moved in the Federal Court Action (without objection from Rubbermaid) to join the additional defendants presently before this Court.

{20}   On 1 February 2008, Signalife served its Answer and Counterclaim in the Federal Court Action wherein it alleged the identical claims pending in the State Court Action.

{21}   At the hearing on the Rubbermaid Defendants' Motion to Dismiss, the parties informed the Court that Judge Conrad intends to set the Federal Court Action for trial sometime in September 2008.

{22}   The State Court Action is scheduled for trial in February 2009.

## II.

## ANALYSIS

{23} North Carolina law is clear that "where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island,* 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990) (citations omitted).

{24} The "prior action pending" doctrine applies, and requires dismissal of the second-filed action (whether filed in state or federal court), where the subject matter and parties in the second case are "substantially similar" to those in the prior proceeding. *Id.*

{25} As our Supreme Court explained in *Eways*:

> Where a prior action is pending in a federal court within the boundaries of North Carolina which raises substantially the same issues between substantially the same parties as a subsequent action within the state court system having concurrent jurisdiction, the subsequent action is wholly unnecessary and, in the interests of judicial economy, should be subject to a plea in abatement.

*Id.* at 560–61, 391 S.E.2d at 187.

{26} The Rubbermaid Defendants have satisfied this test here.

{27} To begin with, Rubbermaid filed its complaint first in the Federal Court, albeit winning the race to the courthouse by a mere eight hours.

{28} Signalife contends the lawsuits were contemporaneously filed, citing to cases from other jurisdictions holding that when the difference in filing times is measured in mere hours, the actions should be deemed to have been filed simultaneously "to avoid rewarding the winner of a race to the courthouse." *Friedman v. Alcatel Alsthom,* 752 A.2d 544, 551–552 (Del. Ch. 1999). *See also Bartoi v. Bartoi,* 190 N.Y.S.2d 257, 259–60 (N.Y. Sup. Ct. 1959) (stating that where two competing actions are commenced on the same day, neither action should have

priority in time "and neither may be dismissed because of the pendency of the other").[1]

{29}  Signalife also complains that it was handicapped in its dash to the courthouse because it could not file its complaint electronically in state court.

{30}  The Court acknowledges that the filing contest between Rubbermaid and Signalife was hardly sporting given the technological disparity between the parties. Indeed, if "best efforts" were the proper test in this instance, Signalife would be the clear victor, as it appears Signalife's counsel were camped outside the Clerk's office waiting for the first opportunity to file in state court, whereas Rubbermaid's lawyers barely moved a muscle in filing their pleading electronically in the Federal Court.

{31}  Nevertheless, and after considering the views of the Delaware and New York courts, this Court opts instead to apply the literal, chronological meaning of "first-filed" and concludes that—albeit with the aid of technology not presently available in state court—Rubbermaid was the first to file.

{32}  I also find that the first-filed suit is pending in a federal court within North Carolina having like jurisdiction. This is particularly so given the consent motion before the Federal Court to join all parties named in the State Court Action.

{33}  Next, the subject matter and parties in both suits are substantially similar. To support that conclusion, the Court need look no further than Signalife's admission in its federal court papers conceding the point. (Defs. Reply Supp. Mot. Dismiss Am. Compl. 5, Ex. 3.) Indeed, given the current procedural posture of the Federal Court Action, "the subject matter and parties [in the two actions] are even more than substantially similar, they are identical." (Defs. Reply Supp. Mot. Dismiss Am. Compl. 6.)

---

[1] Signalife also points me to the North Carolina Court of Appeals' decision in *Chick v. Chick,* 164 N.C. App. 444, 596 S.E.2d 303 (2004), a case involving two child custody actions filed on the same day, one in Vermont and the other in North Carolina. *Id.* at 446, 596 S.E.2d at 306. In a footnote, the *Chick* court did note that the actions were filed simultaneously, 164 N.C. App. at 448 n.1, 596 S.E.2d at 307 n.1, but, as the Rubbermaid Defendants point out, neither party in *Chick* argued that one action should have priority over the other based on the order of filing. Instead, the *Chick* court's jurisdictional analysis focused on determining the appropriate "home state" of the children. *Id.* at 447–52, 596 S.E.2d at 307–10.

{34}    Finally, it appears that all parties can obtain complete relief in the Federal Court Action, making the State Court Action "wholly unnecessary." *Eways*, 326 N.C. at 561, 391 S.E.2d at 187.

{35}    Accordingly, because the "prior action pending" doctrine applies on these facts, the State Court Action shall be dismissed without prejudice in favor of the Federal Court Action.

III.

CONCLUSION

{36}    For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint, without prejudice to Plaintiff's right to pursue its claims for relief in the Federal Court Action.

**SO ORDERED**, this the 8th day of February, 2008.